**BARON v. LEO FEIST, Inc., et al.**

No. 138, Docket 21189.

United States Court of Appeals
Second Circuit.

March 16, 1949.

Julian T. Abeles, of New York City (Robert P. Patterson, Julian T. Abeles, and Arnold J. Bernstein, all of New York City, of counsel), for appellant Leo Feist, Inc.

Spring & Eastman, of New York City (Lee V. Eastman, of New York City, of counsel), for appellant Jeri Sullavan.

Phillips, Nizer, Benjamin & Krim, of New York City (Louis Nizer and Paul Martinson, both of New York City, of counsel), for appellee.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is an appeal from an interlocutory decree in a copyright infringement suit in which the trial judge made detailed findings of fact and handed down an opinion which carefully analyzes the evidence and the applicable legal principles. The findings may be summarized as follows: The song "L'Annee Passee" was an original musical composition composed by Lionel Belasco in Trinidad in 1906. Belasco never published the song nor dedicated it to the public, the only performances of it, so far as he knew, being at private gatherings of his friends. In October 1943 he assigned his property in the song to the plaintiff, who duly copyrighted it about December 31, 1943 as an original musical composition composed by Belasco and arranged by the plaintiff. The defendant's song "Rum and Coca Cola" is a mere copy of the plaintiff's copyrighted song. The individual defendants have "deliberately and wilfully in-

fringed" and the corporate defendant "has infringed upon plaintiff's said copyright" by publishing, printing, selling and making, or permitting to be made, mechanical reproductions of a copy of the song "L'Annee Passee" under the title "Rum and Coca Cola." Accordingly an interlocutory decree for damages and an accounting of profits was awarded the plaintiff. By this appeal the corporate defendant (1) challenges the finding of fact that the song "L'Annee Passee" was an original musical composition created by Belasco; (2) contends that the plaintiff's registration of copyright is only for his arrangement of the song, not for the alleged original melody by Belasco; and (3) asserts error in the denial of a motion for a new trial on newly discovered evidence. In addition the appellant Jeri Sullavan challenges the finding that she infringed the copyright.

■ It would serve no useful purpose to set forth again the evidence so fully discussed in Judge Rifkind's opinion reported in D.C., 78 F.Supp. 686, together with the reasons which impelled him to find the facts as he did. The story is indeed remarkable that Belasco composed the song in 1906, taught it to four young musicians, and then forgot about it until Massie Patterson communicated with him regarding "Calypso" songs some 35 years later; but it is not an impossible story. Three of the four young musicians—one having died— corroborated Belasco. They had attained positions of some importance in the intervening years and made a favorable impression upon the trial judge as witnesses. While the reference in the "Foreword" to Miss Patterson and Mr. Belasco as "collectors of these authentic 'Calypso' songs from the lips of the Lesser Antilles natives" and the absence in the copyright application of any claim that Belasco was the composer tend to raise doubts as to his having composed the song in 1906, testimony explaining how the "Foreword" and the copyright application were prepared satisfied Judge Rifkind. We are by no means convinced that the finding that Belasco created the song in 1906 was "clearly erroneous," and nothing short of that will suffice for the reversal of the finding.

The appellants contend that the plaintiff cannot maintain an action for infringement of Belasco's original melody because the registration of copyright was only for Maurice Baron's arrangement of the song. The application signed by Baron was on Form E which the Copyright Office provides for use "for new music now first published." Line (3) of the printed blank calls for "Name of composer" with a space following for his signature. The word "composer" was stricken out and the words "arranger-transcriber" were written above it. A similar change was made in line (4) which calls for "Country of which composer is a citizen." In line (6), calling for "Author of words," the following was inserted: "Creole lyrics collected by Massie Patterson (U. S. A.) and Lionel Belasco (Trinidad, B. W. I.)—English version by Olga Paul (U. S. A.)." In line (7) which calls for "Title of musical composition" was written "Calypso Songs of the West Indies (list of 12 songs attached)." One of these twelve was entitled

> "L'Annee Passee
> Last Year
> A 'Calypso' by Massie Patterson and
> Lionel Belasco
> English Version by    Free transcription by
> Olga Paul    Maurice Baron"

At the bottom of the page was the statement: "Copyright, 1943, by M. Baron Co., New York. All rights reserved." The certificate of copyright registration certified "that two copies of the musical composition named herein have been deposited * * * and that registration of a claim to copyright has been duly made in the name of M. Baron Co. * * * Title: Calypso Songs of the West Indies. Tinga Layo (Donkey Song; Pack She Back to She Ma) [and 9 others] Creole lyrics collected by Massie Patterson, of United States, and Lionel Belasco, of Trinidad, B. W. I. English version by Olga Paul, of United States. Free transcription by Maurice Baron, of United States, arranger."

It is true that the copyright application did not name Belasco as the author of the melodies of the published songs, copies of

which accompanied the application. But neither the statute nor the rules of the Copyright Office require that the author be named. Both the melodies and Baron's arrangements were "new music now first published"; consequently Baron was entitled to claim copyright of both and Form E was the proper blank to use for that purpose. The worst that can be said of the application is that it was defective in form in not making clearer that copyright was claimed for the melodies as well as arrangements. The appellants urge that there has been a "dedication to the public of that which was not claimed," and cite in support of this contention Sontag Chain Stores Co. v. National Nut Co., 310 U.S. 281, 293, 60 S.Ct. 961, 84 L.Ed. 1204. That was a patent infringement suit whose applicability to the case at bar is misconceived in our opinion. The printed copies of the songs filed in the Copyright Office described the songs as Calypso Songs "by Massie Patterson and Lionel Belasco," and gave notice of copyright by Baron with "All rights reserved." No one who examined the record in the Copyright Office would be justified, we think, in believing that the melodies had been dedicated to the public. Nor is there any contention that the appellants were misled by the certificate of registration. We therefore reject the argument based on section 12, 17 U.S. C.A. § 12, that the plaintiff cannot maintain an action for infringement of Belasco's original melody.

■ Moreover it is impossible to see how the appellants could escape an accounting even if Belasco's melody were not properly copyrighted. Their brief asserts that there is no finding that Baron's arrangement was infringed. Finding 9 appears to be directly to the contrary:

"9. The extraordinary great similarities—which approximate identity—between plaintiff's copyrighted song 'L'Annee Passee' and defendants' infringing song, 'Rum and Coca Cola,' in melody, uninterrupted sequence of identical notes, rhythm, construction, harmony, identity of unusual dissonant chords, and other respects, are so great as to preclude the inference of coincidence, and they constitute sufficient internal evidence of copying, even in the absence of the direct extrinsic proof of copying."

And it cannot be doubted that Baron's piano transcription and arrangement was copyrightable under section 6, 17 U.S.C. A. § 6.

■ The corporate appellant's complaint that error was committed in denying its motion for a new trial is wholly without merit. It was not made until ten weeks after the appeal was taken. See Federal Rules of Civil Procedure, as amended, §§ 59(b) and 60(b) (2), 28 U.S.C.A.

■ The appellant Jeri Sullavan contends that the record shows that she had no part in the writing of the infringing composition "Rum and Coca Cola." She is a singer of popular songs. Morey Amsterdam offered her the lyrics of "Rum and Coca Cola"; she took them to Paul Baron. She testified by deposition that "We sat down at the piano and he worked out a melody to fit the pattern of the lyrics. I made a number of changes and suggestions to suit my style of singing. * * * I can't pick out the parts of the music I suggested because the notes are too mixed up with Mr. Baron's for me to separate them." She also made some suggestions about the lyrics. Leo Feist, Inc., published the song, listing Miss Sullavan and Paul Baron as co-authors of the music and Amsterdam as author of the lyrics; and a contract was entered into which split the royalties between the three individual defendants. We think the record supports the finding that she infringed the plaintiff's copyright.

The interlocutory decree is affirmed.