**ALART ASSOCIATES, INC., Plaintiff and Counterclaim Defendant,**

v.

**Cy APTAKER and Preview Distributors, Inc., Defendants, Counterclaimants and Third-Party Plaintiffs,**

v.

**Alvin G. BLUMBERG, Third-Party Defendant.**

**No. 66 Civ. 4546.**

United States District Court
S. D. New York.
Jan. 15, 1968.

March, Gillette & Wyatt, New York City, for plaintiff.

Julius E. Foster, New York City, for defendants.

MANSFIELD, District Judge.

In this action for copyright infringement, defendants move for summary judgment on the ground that the Certificate of Copyright Registration No. Gp52281 for the work in question, a pierced earring tree in the form of a sculpture of a flower, stem and leaves, was issued to "Alart, Inc.", a non-existent corporation, rather than to "Alart Associates, Inc.", a New York corporation named as plaintiff in the amended complaint. Omission of the word "Associates" from plaintiff's name on the registration appears to have been an inadvertent error, since it bore plaintiff's true address and no motive existed for not using plaintiff's full name in the registration, a correction of which was filed with the Copyright Office on March 9, 1967 pursuant to § 201.5(a) of the Regulations of the Copyright Office, 37 C.F.R. § 201.5(a) (1966).

Prior to amendment of its complaint, when plaintiff was named as "Alart, Inc.", defendants moved for summary judgment on the ground that no such corporation existed, whereupon plaintiff sought leave to amend its complaint to correct the inadvertent clerical omission of the word "Associates" from its name. On March 20, 1967, defendants' motion for summary judgment was denied and plaintiff's motion for leave to amend was granted by Judge Metzner, who, on reargument, adhered to these rulings by order of April 21, 1967.

On this motion, defendants again seek to take advantage of the mistake in plaintiff's name, arguing from the variance between "Alart, Inc." in the certificate of registration and "Alart Associates, Inc." in the amended complaint that the Court lacks jurisdiction over the subject matter, that the amended complaint is a sham pleading, that certain answers to defendants' interrogatories are false, that the certificate of registration is void, that plaintiff lacks standing to maintain a copyright action, that the complaint fails to state a claim upon which relief may be granted, and that plaintiff has violated N.Y.Gen.Bus.Law § 130 (McKinney Consol.Laws, c. 25, 1967), formerly Penal Law § 440.

The merits of this motion based on the variance between plaintiff's name in its amended complaint and in its certificate of copyright registration were expressly raised in defendants' previous motions for summary judgment and for reargument of that motion. For the third time defendants seek to magnify an inadvertent clerical error by plaintiff to the level of a substantial defense warranting dismissal of the action, although defendants do not point to any prejudice

suffered by them or the public as a result of plaintiff's mistake. On the contrary, the name "Alart, Inc." appears sufficiently close to plaintiff's full name to identify plaintiff as the copyright owner, so that the public would be aware of the existence of its copyright and not be misled. In the absence of prejudice, an innocent clerical error in the application and certificate of registration, unaccompanied by fraud, does not invalidate the copyright or render it incapable of supporting an infringement action. See United States v. Backer, 134 F.2d 533 (2d Cir. 1943); Advisors, Inc. v. Weisen-Hart, Inc., 238 F.2d 706 (6th Cir. 1956), cert. denied, 353 U.S. 949, 77 S.Ct. 861, 1 L.Ed.2d 858 (1957); Key West Hand Print Fabrics, Inc. v. Serbin, Inc., 269 F.Supp. 605 (S.D.Fla.1966); Wrench v. Universal Pictures Co., 104 F.Supp. 374 (S.D.N.Y.1952); Baron v. Leo Feist, Inc., 78 F.Supp. 686 (S.D.N.Y.1948), affd., 173 F.2d 288 (2d Cir. 1949). The result might well be different if plaintiff had failed to file *any* certificate of incorporation, cf. Haas v. Leo Feist, Inc., 234 F. 105 (S.D.N.Y.1916), but, as in Allen v. Walt Disney Prods., 41 F.Supp. 134 (S.D.N.Y.1941), where it was similarly contended that an infringement action could not be maintained because the copyright was registered in the name of "The Thornton Allen Company" whereas the certificate of incorporation was filed under the name of "T. W. Allen Company",

"the difference between the name set forth in the certificate [of incorporation] and the name on the copyright is at most a slight variation and is not material. The name on the copyright notice gives sufficient notice to the public of the name of the owner of the composition upon which copyright is claimed, and the date when this right was obtained. That is all that the statute requires." 41 F.Supp. at 135.

Accordingly, defendants' motion being totally without merit, is denied. Since defendants have twice before raised this frivolous and dilatory contention, first on their prior motion for summary judgment and second on their motion for reargument of that motion, both of which efforts were unsuccessful, and it is difficult to believe that the present motion has been made in good faith, it is ordered pursuant to Rule 56(g), F.R. Civ.P., that within ten (10) days from the date of this decision defendants shall pay to plaintiff $300 as the amount of reasonable expenses, including reasonable attorney's fees, which plaintiff has thus been caused to incur. See Munson Line, Inc. v. Green, 6 F.R.D. 470 (S.D. N.Y.1947).

So ordered.