BOLIN, Judge.
Plaintiff appeals from a judgment granting defendants’ motion for summary judgment. We reverse in part, affirm in part and remand.
Plaintiff’s recently purchased motor home and its contents were destroyed by fire causing an alleged loss of $26,783.51. Plaintiff’s insurer, Royal Globe Insurance Company, paid plaintiff $19,135 for damage to his motor home under the property damage coverage of the policy. Aetna Casualty and Surety Company reimbursed plaintiff $3,430 for some of the destroyed contents under a homeowners policy. Plaintiff then brought this suit to recover his net loss of $4,218.51 against the following defendants:
(1) General Motors Corporation, the manufacturer of the engine and chassis for the motor home;
(2) Royal Globe Insurance Company, the insurance carrier of General Motors; (Royal Globe was coincidentally the insurer of plaintiff)
(3) Itaseo, the manufacturer of the motor home;
(4) Great American Insurance Company, the insurance carrier of Itaseo.
Royal Globe intervened alleging it had paid plaintiff $19,135 under the property damage coverage of a policy it had issued to plaintiff and was subrogated to plaintiff’s rights against the defendants. Aetna filed a similar petition of intervention for the amount it paid plaintiff under his homeowners policy.
General Motors and Royal Globe then filed a motion for summary judgment against plaintiff. The thrust of this motion was that when plaintiff received the $19,-135 from Royal Globe he signed a “receipt for payment” without reserving his rights against any other parties. Movants contended this release had the effect of discharging all parties solidarily liable with Royal Globe by virtue of La.Civil Code article 2203 which provides, in pertinent part:
The remission or conventional discharge in favor of one of the codebtors in solido, discharges all the others, unless the creditor has expressly reserved his right against the latter.
* * * * # *
Attached to the motion was the proof of loss form plaintiff had submitted to Royal Globe for payment under his liability policy. On this form plaintiff signed a receipt for payment which stated:
Received of the Royal Globe Insurance Company the sum of ninteen (sic) thousand-one hundred-thirty five dollars ($19,135.00) in full satisfaction and in *154 demnity for all claims and demands upon said company on account of said loss and damage and payment to Royal Globe Insurance Company is hereby authorized.
Itasco subsequently filed a similar motion for summary judgment alleging it too was released under article 2203, since plaintiff had released Royal Globe, a solidary obligor, without reservation of rights.
Plaintiff filed an opposition to the motions which was accompanied by his affidavit in which he stated the receipt for payment was given solely in connection with his claim against Royal Globe as his insurer and that he was unaware at the time that the company was also the insurer of General Motors. He further stated the company’s agent advised him the money was being paid under his personal liability policy and he was led to believe the release would put him in a better position to recover the total loss because Royal Globe would pursue a claim against General Motor’s insurer.
Plaintiff also alleged that La.C.C. art. 2203, relied upon by defendants, was inapplicable because Royal Globe, in its capacity as his insurer, was not a solidary obligor with the defendants. Plaintiff pointed out that Royal Globe filed an intervention in his suit seeking recovery of the property damage loss paid to plaintiff under his policy. Contending the motion for summary judgment was misleading and not presented in good faith and was presented solely for purposes of delay, plaintiff prayed for reasonable expenses, including attorney fees, under La.Code of Civil Procedure article 967.
Without assigning written reasons, the trial court granted defendants’ motion for summary judgment and dismissed plaintiff’s suit. This judgment is clearly erroneous.
Royal Globe stands in a position of dual responsibility toward plaintiff — (1) as his insurer and, (2) as the liability insurer of General Motors. Only in its capacity as insurer of General Motors is the company a solidary obligor with the other defendants toward plaintiff within the terms of article 2203.
Although defendants’ motion is unclear, they apparently contend the release executed by plaintiff was intended to discharge Royal Globe not only in its capacity as plaintiff’s insurer but also as the insurer of General Motors. Plaintiff’s affidavit and opposition establish that the receipt for payment was only intended to discharge the company in its capacity as his insurer, and that he was unaware at that time that Royal Globe also insured General Motors. Plaintiff’s position is supported by the receipt of payment contained on a proof of loss form submitted by plaintiff for payment under his insurance policy. Moreover, Royal Globe’s petition of intervention in plaintiff’s suit clearly states that the company paid plaintiff $19,135 under the property damage coverage of a policy of insurance issued to plaintiff and that the company was exercising its subrogation rights. Thus, it is clear that defendants’ unsupported assertion in the motion for summary judgment that plaintiff released Royal Globe in both its capacities is untenable.
In opposing the motion for summary judgment plaintiff requested an award for reasonable expenses, including attorney fees, in accordance with La.Code of Civil Procedure article 967, which provides in pertinent part:
******
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt. (Emphasis added)
Plaintiff’s contention that the defendants’ motion for summary judgment was misleading and not presented in good faith and solely for the purpose of delay probably has merit. However, defendants *155 did not present any affidavits in connection with their motion. By its express terms the statute only applies to affidavits filed in bad faith or for purposes of delay. Our research reveals no Louisiana or federal cases[1] (interpreting Fed.R.Civ.P. Art. 56(g), the counterpart to La.C.Civ.P. art. 967) specifically dealing with the question of whether reasonable expenses may be awarded in the situation in which a motion, without affidavits, is filed in bad faith or solely for purposes of delay. Although the equities are with plaintiff, this is a question for the legislature to resolve.[2] Accordingly, we deny plaintiff’s request for reasonable expenses and attorney fees.
The judgment sustaining defendants’ motion for summary judgment and dismissing plaintiff’s suit is reversed; the motions are overruled and the case is remanded for further proceedings. Plaintiff’s demands for expenses and attorney fees are denied. Defendants are cast with the cost of this appeal; all other costs to await the final determination of the cause.

. In Alart Associates, Inc. v. Aptaker, 279 F.Supp. 268 (D.C.N.Y.1968); appeal dismissed 402 F.2d 779 (C.A.2d 1968), expenses and attorney fees were apparently awarded under Fed.R. Civ.P. art. 56(g) after defendants filed a frivolous and dilatory motion for summary judgment. The issue of the propriety of such an award in the absence of affidavits filed in bad faith or for purposes of delay was not discussed. Accordingly, we do not find this case dispositive of this issue. But see Wright and Miller, Federal Practice and Procedure: Civil § 2742, text at n. 59.

. Wright & Miller, Federal Practice and Procedure: Civil § 2742 point out:
In the unusual case in which a motion is filed in bad faith or solely for purposes of delay but no supporting affidavits are filed, the rule technically does not apply. In this situation, alternative sanctions are available, such as those provided in Section 1927 of Title 28. The intent of the rule seems to be that any party on whose behalf affidavits are filed is a “party employing them” and thus subject to the sanctions prescribed in subdivision (g).
28 U.S.C. § 1927 provides:
Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.
In Louisiana there is no alternative remedy to fill the gap created by article 967.