ALITO, Circuit Judge,
dissenting:
I believe that the majority’s decision elevates form over substance and works a forfeiture of a valid copyright because of a misstatement that the trial court had already labeled inadvertent. I dissent for two reasons. First, the majority ignores the prior findings and holding of the District Court regarding the validity of Raquel’s copyright in its song “Pop Goes the Music.” These determinations were clearly the law of the case and entitled to deference. Second, as a matter of substantive law, Raquel’s registration should not be deemed invalid merely because of an inadvertent mistake which caused no prejudice to the defendants in this action. There is no evidence in the record that compels a finding of fraudulent intent, and the majority’s resolution of factually ambiguous issues against Raquel is inappropriate in the context of a motion to dismiss on the pleadings.
I.
The District Court’s initial determination that Raquel’s 1995 registration was a valid registration of the song was clearly the law of the case, and the District Court’s failure, without explanation, to adhere to its earlier determination unfairly prejudiced Raquel and was in error. The majority compounds this error by itself disregarding this preclusive finding.
The District Court, in its 1996 judgment, made clear and specific findings and concluded that Raquel had validly registered its copyright in the music and lyrics of the song. Because Raquel identified the title of the work as “Pop Goes the Music” and the nature of authorship as “[a]ll music & lyrics & arrangement,” the District Court found that “it is sufficiently clear that Raquel intended to obtain a copyright in its song, Top Goes the Music.’ ” Raquel v. Education Mgmt. Corp., 955 F.Supp. 433, 439 (W.D.Pa.1996). Although' the Registration incorrectly described the nature of the work as an “Audiovisual Work,” the court explicitly held that “the term ‘Audiovisual Work’ was inadvertently included in the copyright application and, as a consequence, it did not invalidate the copyright of the music and lyrics to the song, ‘Pop Goes the Music.’ ” Id. (emphasis added). The District Court went on to hold that “because Raquel had a copyrightable interest in the song ‘Pop Goes the Music’ it did not knowingly fail to advise the copyright office of facts which might have led to the rejection of the registration application.” Id. at 440. Although the District Court proceeded to dismiss the case for lack of jurisdiction, this was simply because Raquel’s complaint referred only to the full-length music video (in which it held no copyright), and not to the song itself (in which it clearly did). See id. Indeed, as the District Court noted in its Order of January 20, 1998:
[t]he previous dismissal ... [was] not based upon a finding that plaintiffs Certificate of Copyright Registration was invalid; to the contrary, Magistrate Judge Caiazza, as approved by this Court, found that certificate to be valid, despite some inadvertent errors in plaintiffs application. The dismissal was, rather, based upon plaintiffs failure to allege in the complaint any infringement of the copyrighted song, as opposed to the audiovisual material containing the song which plaintiff had not copyrighted.
App. 230 (emphasis in original). The District Court thus made three important rul *183 ings in the 1996 action, which became the law of the case: (1) that Raquel had intended to register its copyright in the song and not in the video; (2) that the inclusion of the term “Audiovisual Work” in the registration was merely inadvertent; and (3) that therefore, the registration was valid as to the music and lyrics of the song, if not to the video itself.
The majority attempts to brush aside these clear and binding determinations by characterizing them as “at most dictum.” However, the District Court’s findings in regard to the copyrights of the music and lyrics were essential to an important part of its judgment on the merits — its denial of Elias/Savion’s motion for attorney’s fees. Elias/Savion had claimed that “an award of attorney’s fees is appropriate ... since the Plaintiff and its counsel had full knowledge of the falsity of the statement made to the copyright office at the time the copyright registration was filed.” Raquel, 955 F.Supp. at 437. The Court was thus required to make a concrete finding on the inadvertence issue- — with which the issue of the copyright’s validity was inextricably intertwined — as a predicate to resolving the attorney’s fees question. Significantly, the defendants never appealed the Court’s denial of attorney’s fees, or its predicate findings on inadvertence and validity.
The law of the case doctrine “ ‘expresses the practice of courts generally to refuse to reopen what has been decided.’ ” Williams v. Runyon, 130 F.3d 568, 573 (3d Cir.1997) (quoting Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912)). Law of the case restrictions apply to “subsequent rulings by the same judge in the same case or a closely related one.” Casey v. Planned Parenthood of Southeastern Pennsylvania, 14 F.3d 848, 856 n. 11 (3d Cir.1994). Although a trial judge has the power to reconsider an earlier decision, its authority to do so is limited by two prudential considerations: First, the court must explain on the record the reasoning behind its decision to reconsider the prior ruling. Second, the court must take appropriate steps so that the parties are not prejudiced by reliance on the prior ruling.” Williams, 130 F.3d at 573.
In the present case, neither the District Court’s Order nor the Magistrate Judge’s report presents any explanation of the decision to ignore the District Court’s earlier finding that the registration was valid. Moreover, Raquel was clearly prejudiced by the court’s abrupt and unanticipated about-face on this question. After the District Court dismissed the first action without prejudice, Raquel read the Court’s decision as any reasonable plaintiff would— that although its complaint had been defective, it nevertheless had a valid registered copyright in the song.[1] In reliance on the District Court’s holding, it filed a new complaint which cured the pleading defects identified by the Court, but failed to reexamine the certificate of registration, which the Court had already determined was capable of supporting an infringement claim based on the song. It was not until the District Court’s reconsideration of the defendant’s motion to dismiss in the second action that Raquel had any indication that the Court’s earlier ruling was not what it seemed to be. However, by this point, the District Court had dismissed Raquel’s claims with prejudice.
Absent the District Court’s assurances on the matter, Raquel could have filed a supplementary registration under 17 U.S.C. § 408(d) in order to perfect its registered copyright in the song. Because the District Court, by its earlier ruling and expression, did not alert Raquel to its concern about the validity of the copyright in the song, Raquel was undeniably prejudiced. See Williams, 130 F.3d at 573. The District Court was thus foreclosed *184 from revisiting its earlier, unambiguous ruling that Raquel had validly registered its copyright in the song’s music and lyrics.
Collateral estoppel principles would also support this conclusion. The collateral es-toppel doctrine prevents the relitigation of issues that have been decided in a previous action. Under the law of this Circuit, four factors must be met before the application of collateral estoppel is appropriate: (1) the previous determination was necessary to the decision; (2) the identical issue was previously litigated; (3) the issue was actually decided in a decision that was final, valid, and on the merits; and (4) the party being precluded from relitigating the issue was adequately represented in the previous action. See Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency, 126 F.3d 461, 475 (3d Cir.1997). In the present case, the District Court made explicit findings as to inadvertence and validity in its decision dismissing the earlier action and refusing Elias/Savion’s motion for attorney’s fees. Defendants are thus precluded from relitigating these issues, and the majority has erred in holding otherwise.
II.
Even if the validity of the registration had not been foreclosed by the District Court’s earlier ruling, Raquel’s registration was clearly sufficient, as a substantive matter, to perfect its copyright interest in the music and lyrics of the song.
“The case law is overwhelming that inadvertent mistakes on registration certificates do not ... bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement.” Urantia Found. v. Maaherra, 114 F.3d 955, 963 (9th Cir.1997).[2] See also Masquerade Novelty v. Unique Indus., Inc., 912 F.2d 663, 668 n. 5 (3d Cir.1990) (“Unique’s view that an inadvertent omission from a registration application will render a plaintiffs copyright incapable of supporting an infringement action has not gained acceptance with the courts.”); Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1161-62 (1st Cir.1994) (“It is well established that immaterial, inadvertent, errors in an application for copyright registration do not jeopardize the validity of the registration.”); Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir.1984) (“Only the ‘knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute^] reason for holding the registration invalid’ ”) (quoting Russ Berrie & Co., Inc. v. Jerry Elsner Co., Inc., 482 F.Supp. 980, 988 (S.D.N.Y.1980)); 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.20[B] at 7-208 (“a misstatement ... in the registration certificate, if unaccompanied by fraud, should neither invalidate the copyright nor render the registration certificate incapable of supporting an infringement action”).
The majority attempts to distinguish this long line of cases by pointing to the fact that Raquel’s registration misidentified the nature of the work in question. This argument mischaracterizes the case law. No court of appeals has ever suggested that an inadvertent error in a registration statement — even an error as to the nature of the work — can bar an infringement action where the work would have been copyrightable had the registration statement contained a correct statement of facts. See Masquerade Novelty, 912 F.2d at 668 n. 5.[3] See also 2 Nimmer *185 & Nimmer § 7.20[B] at 7-208 n. 19 (collecting cases). Indeed, in Baron v. Leo Feist, Inc., 173 F.2d 288 (2d Cir.1949), the Second Circuit dealt with precisely the issue of misidentification of the nature of a copyrighted work in its registration. In Feist, the plaintiffs registration certificate referred only to the arrangement of the subject song. Nevertheless, the Second Circuit held that the registration was sufficient to maintain an action based on infringement of the song’s melody because there was no contention that the defendants were “misled by the certificate of registration.” Id. at 290.
In the present case, there is no dispute that Raquel’s interest in the music and lyrics to the song were copyrightable, or that the registration would have been valid had it correctly stated the nature of the subject work. Nor is there any intimation that the defendants were at all prejudiced by the error in the registration. Clearly, the defendants in this suit, like those in Feist, were not misled by the registration as to the scope of the protected work. In light of these considerations, Raquel’s inadvertent error cannot be grounds for dismissing its suit for lack of subject matter jurisdiction.
III.
The majority attempts to bolster its holding by making its own factual finding that Raquel committed a fraud on the Copyright Office. It grounds this argument in its assertion that “[i]t is difficult to conclude that an attorney who executed a registration form for an ‘Audiovisual Work’ and then proceeded to file a complaint alleging that the defendants infringed Raquel’s copyright in audiovisual works intended the copyright to cover the song.”[4]
I believe that the majority, in focusing singularly on the use of the term “Audiovisual Work,” has ignored the array of evidence in the record that supports a finding of inadvertence. In its 1995 copyright application, Raquel properly identified the title of the work as “Pop Goes The Music” — not as “Before the Crowd Roars,” the title of the commercial. App. 48. In the same application, Raquel identified the nature of its authorship as “[a]ll music & lyrics & arrangements” — a clear indication of its intent to register the song and not the video. App. 48, 50. Moreover, Raquel’s copyright counsel, Edward C. Terreri, stated under oath that the copyright application was filed in good faith “with no intent to seek any greater rights for RAQUEL than those to which RAQUEL is entitled,” Raquel, 955 F.Supp. 433, 439 n. 1 (quoting Terreri Declaration), and that he “had no intent to defraud the Copyright Office ... or anyone else in connection with attempts to obtain copyright protection for Raquel.” App.- 186. These facts led the District Court itself to hold (in my opinion correctly) that the inclusion of the term “Audiovisual Work” was merely an inadvertent error. See Part I, supra.
The fragments of evidence that the majority does assemble do not support, much less compel, a finding of advertence or fraudulent intent.[5] The mere inclusion of *186 the term “audiovisual work” in the registration and original complaint may simply indicate a confusion on the part of counsel arising from the fact that the song Raquel intended' to copyright was fixed on the soundtrack of a videotape.[6] Raquel’s failure to amend the registration as to the nature of the work similarly evinces no fraudulent intent, but merely a reasonable reliance on the District Court’s 1996 holding that it had already validly registered its copyright in the music and lyrics of the song. In any event, the majority’s resolution of the factually ambiguous question of advertence against Raquel at the pleading stage violates the basic principle that, for purposes of a motion to dismiss, the complaint must be viewed in the light most favorable to the plaintiff, and all well-pleaded factual allegations taken as true. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
IV.
For these reasons, I would conclude that Raquel does have a registered copyright in the song “Pop Goes the Music” that entitles it to bring suit, and I respectfully dissent.

. Even the majority concedes that "[t]here is language in the District Court’s 1996 opinion which, standing alone, might lead one to conclude that the District Court opined that Raquel did have a registered copyright in its Song despite its description of the work as an 'Audiovisual work.’ ”

. Although the majority attempts to distinguish Urantia on its facts, the rule announced in Urantia — and seemingly not disputed by the majority — clearly covers the facts of the case at bar.

. In dictum, the Masquerade Novelty Court did suggest that "[i]t may be that the correct approach in situations where there has been a material, but inadvertent omission, is to deprive the plaintiff of the benefits of § 410(c) and to require him to establish the copyright-ability of the articles he claims are being *185 infringed.” 912 F.2d at 668 n. 5. Even under this somewhat more stringent standard, Raquel would be entitled to reversal of the District Court’s dismissal and an opportunity to prove copyrightability before that court.

. The majority's reference to Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452 (2d Cir.1989) is inapposite. First, Whimsicality concerned a motion for summary judgement, not a motion to dismiss. A factual finding of fraudulent intent is simply inappropriate at the pleadings stage. Moreover, the judgment of the Whimsicality court was later vacated in light of an affidavit from the Copyright Office stating that it had not, in fact, been misled by Whimsicality’s registration statement. See Whimsicality, Inc. v. Rubie’s Costume Co., Inc., 836 F.Supp. 112 (E.D.N.Y.1993). Indeed, the facts of the Whimsicality case should serve to caution this Court against making hasty findings of bad faith before the record below has been fully established.

. The majority claims that it need not go so far as to find “fraud on the Copyright Office” in order to nullify Raquel’s copyright. This is a distinction without a difference: the majori *186 ty's findings of advertence and materiality are, in substance, a finding of fraud. See Whimsicality, Inc. v. Rubie's Costume Co., Inc., 836 F.Supp. 112, 118 (E.D.N.Y.1993) ("two elements are required to find [copyright fraud]: an intent to mislead and behavior which would be objectively likely to mislead”).

. Raquel’s copyright counsel Edward C. Terreri stated under oath that “I described the media on which Raquel performed the Song as ‘audiovisual’ because that seemed logical and also that decision was concurred in by a specialist in the Copyright Office with whom I communicated.” App. 187-88 (emphasis added).