GAY TOYS, INC., Plaintiff-Appellee,

v.

BUDDY L CORPORATION,
Defendant-Appellant.

No. 81–1648.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 1, 1983.

Decided March 31, 1983.

Rehearing and Rehearing En Banc
Denied May 9, 1983.

Richard D. Grauer, Cullen, Sloman, Cantor, Grauer, Scott & Rutherford, Detroit, Mich., John M. Calimafde (argued), New York City, for defendant-appellant.

Robert G. Mentag (argued), Detroit, Mich., for plaintiff-appellee.

Ronald Goldman, Chief Patent Counsel Asst. Secretary and Atty. for Mattel, Inc., Hawthorne, Cal., amicus curiae.

Before ENGEL and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

The issue raised in this appeal is whether toys are copyrightable subject matter under the 1976 Copyright Act, 17 U.S.C. §§ 101–810. The district court held that toys are not copyrightable because they are "useful articles" as defined under § 101 of the statute. 522 F.Supp. 622 (E.D.Mich.1981).

## I.

The appellant, Buddy L Corporation, is a toy manufacturer located in New York City. It designed a new toy airplane, the "Air Coupe," which apparently was first offered for sale to the public in April 1978. *Id.* at 623.

The appellee, Gay Toys, Inc., is a toy manufacturer located in Southeastern Michigan. Gay Toys also designed a new toy airplane. According to Gay Toys, its Product Development Committee met in late 1979 to discuss ideas for developing a new toy airplane. During its deliberations, the committee had before it samples of various toy airplanes already on the market, including Buddy L's Air Coupe, as well as catalogs of real and toy airplanes. The committee decided to direct a designer to design, within certain specified restrictions, a new toy airplane. No two-dimensional technical drawings were made first; rather, the designer created a wood model from scratch. However, the designer had one of Buddy L's Air Coupes in front of him as he worked on the wood model, and he occasionally referred to it. The result was Gay Toys' "Flying Eagle I."

Shortly after Gay Toys put its Flying Eagle I on the market, Buddy L notified Gay Toys that it was infringing on Buddy L's copyright in the Air Coupe. In response, Gay Toys commenced this action on November 14, 1980, seeking a declaratory judgment that Buddy L's copyright in its Air Coupe was invalid. After the filing of the suit, on November 19, 1980, Buddy L filed an application for registration of its Air Coupe copyright under the 1976 federal copyright statute, 17 U.S.C. §§ 101–810.[1] The Copyright Office issued Registration No. VA 61–293 for the Air Coupe copyright

---

1. Unless otherwise indicated, all section numbers hereinafter refer to the 1976 Copyright Act as codified in the United States Code.

on the same day. Buddy L then filed a counterclaim on February 4, 1981, alleging infringement of its copyright.[2]

## II.

This case falls within the 1976 Copyright Act, which was a general revision of the 1909 Copyright Act. However, some of the cases interpreting the 1909 Act will be helpful in interpreting the 1976 Act.

Section 102(a)(5) extends copyright protection under the statute to "pictorial, graphic, and sculptural works," which is defined in § 101 to include:

> two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, technical drawings, diagrams, and models.[3]

As will be discussed *infra,* this definition was intended to be broad. However, the statute carves out an exception to this general category of "pictorial, graphic, and sculptural works." The definition further provides that

> the design of a *useful article,* as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101 (emphasis added). This portion of the definition indicates that "useful articles" are not generally copyrightable, although certain features of "useful articles" may be copyrighted separately. Section 101 defines "useful article" as:

2. The parties do not contend that the outcome of this case should be affected by the fact that the copyright was not actually issued until after Gay Toys filed this action.

3. The definition in its entirety reads:

"Pictorial, graphic, and sculptural works" include two-dimensional and three-dimensional works of fine, graphic, and applied art, photographs, prints and art reproductions, maps, globes, charts, technical drawings, diagrams, and models. Such works shall include works of artistic craftsmanship insofar

an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information.

The legislative history makes clear that Congress intended to distinguish between "copyrightable works of applied art and uncopyrighted works of industrial design." H.R.Rep. No. 1476, 94th Cong., 2d Sess. 54, *reprinted in* 1976 U.S.Code Cong. & Ad. News 5659, 5668 (hereinafter referred to as House Report).

The statutory scheme of the provisions at issue in this case, then, is that copyright protection is extended to "pictorial, graphic, and sculptural works" generally; an exception to this general rule is carved out by exempting "useful articles" from copyrightability; nevertheless, certain particular features of "useful articles" may be separately copyrighted.

## III.

The district court acknowledged that the toy airplane, as a "three-dimensional work of applied art or a model," 522 F.Supp. at 625, satisfied the general definition of "pictorial, graphic, and sculptural works." The legislative history indicates that the general definition was intended to be broad:

> works of "applied art" encompass all original pictorial, graphic, and sculptural works that are intended to be or have been embodied in useful articles, regardless of factors such as mass production, commercial exploitation, and the potential availability of design patent protection.

House Report at 54, 1976 U.S.Code Cong. & Ad.News at 5667. The House Report also

as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article, as defined in this section, shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.
17 U.S.C. § 101.

states that the definition "carries with it no implied criterion of artistic taste, aesthetic value, or intrinsic quality." *Id.* It is also clear that the phrase includes the "works of art" category of the 1909 Act, *id., see also* 1 Nimmer on Copyright § 2.08 at 2–74 (1982), under which toys were copyrightable (see cases cited *infra*). There is little question, then, that toys fall within the general category of "pictorial, graphic, and sculptural works."

However, the district court concluded that Buddy L's Air Coupe is not copyrightable because it is a "useful article." The court reasoned that children need toys for growing up and that a "toy airplane is useful and possesses utilitarian and functional characteristics in that it permits a child to dream and to let his or her imagination soar." 522 F.Supp. at 625. Although the district court also observed that certain aspects of the Air Coupe design were adopted for economy in packaging, the court's decision is not limited to the particular characteristics of this particular toy. The clear import of the district court's holding is that toys *qua* toys are "useful articles" and not copyrightable.

■ But the statutory definition of "useful article" suggests that toys are copyrightable. To be a "useful article," the item must have "an intrinsic utilitarian function that is not merely to portray the appearance of the article."[4] And a toy airplane is merely a model which portrays a real airplane. To be sure, a toy airplane is to be played with and enjoyed, but a painting of an airplane, which is copyrightable, is to be looked at and enjoyed. Other than the portrayal of a real airplane, a toy airplane, like a painting, has no intrinsic utilitarian function.

This interpretation is supported by legislative history as well. The intention of Congress was to exclude from copyright protection industrial products such as automobiles, food processors, and television sets. House Report at 55, 1976 U.S.Code Cong. & Ad.News at 5668. The function of toys is much more similar to that of works of art than it is to the "intrinsic utilitarian function" of industrial products.

Indeed, under the district court's reasoning, virtually any "pictorial, graphic, and sculptural work" would not be copyrightable as a "useful article." A painting of Lindbergh's Spirit of St. Louis invites the viewer "to dream and to let his or her imagination soar," and would not be copyrightable under the district court's approach. But the statute clearly intends to extend copyright protection to paintings. The district court would have the "useful article" exception swallow the general rule, and its rationale is incorrect. *See* 1 Nimmer on Copyright § 2.08[B] at 2–93 n. 107 (1982).

This conclusion is consistent with many prior decisions, holding either explicitly or implicitly that toys are copyrightable. *See, e.g., Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,* 684 F.2d 821, 824 n. 2 (11th Cir.1982) (soft-sculpture dolls held copyrightable); *Kamar International, Inc. v. Russ Berrie and Co.,* 657 F.2d 1059, 1061 (9th Cir.1981) (stuffed toy animals held copyrightable); *Monogram Models, Inc. v. Industro Motive Corp.,* 492 F.2d 1281, 1284 (6th Cir.), *cert. denied,* 419 U.S. 843 (1974) (scale model airplane kit copyrightable); *Uneeda Doll Co., Inc. v. P & M Doll Co., Inc.,* 353 F.2d 788 (2d Cir.1965) (per curiam) (implicit that dolls are copyrightable); *Knickerbocker Toy Co., Inc. v. Genie Toys Inc.,* 491 F.Supp. 526 (E.D.Mo.1980) (implicit that doll is copyrightable); *Dollcraft Industries, Ltd. v. Well-Made Toy Mfg. Co.,* 479 F.Supp. 1105, 1113 (E.D.N.Y.1978) ("toy animals are entitled to copyright protection"); *Blazon, Inc. v. DeLuxe Game Corp.,* 268 F.Supp. 416, 421 (S.D.N.Y.1965) ("it is no longer subject to dispute that statutes or models of animals or dolls are entitled to copyright protection"). *But see* 1 Nimmer § 2.18[H][1].

Some of the cited cases were decided under the 1909 Act, and it might be argued that certain changes made by the 1976 Act broaden the "useful article" exception. The

4. 17 U.S.C. § 101.

exception that developed under the 1909 Act disallowed copyright protection to articles whose *sole* intrinsic function was utility. On the other hand, the 1976 Act disallows copyright protection to articles which have *an* intrinsic utilitarian function. *See* M. Nimmer, *The Subject Matter of Copyright Under the Act of 1976*, 24 U.C.L.A. L.Rev. 978, 1001–1003 (1977). However, in the present case, the contention that the 1976 Act expands this exception need not be decided. Even if this interpretation were adopted, it would not affect the copyrightability of toys because, as already determined, toys do not even have *an* intrinsic function other than the portrayal of the real item.

The district court further concluded that certain aspects of the design of the Air Coupe were based on economic considerations. Apparently, Buddy L designed the Air Coupe to make it more economical to ship. The district court considered this design aspect of the Air Coupe as "useful, functional, and utilitarian." 522 F.Supp. at 625. But this consideration is irrelevant to the "useful article" determination. Again, the same could be said of the selection of canvas and colors for any painting. The designer's or manufacturer's selection of certain features for economical reasons has nothing to do with whether the article is, to the consumer, a "useful article" under the statute.

Finally, because we conclude that the Air Coupe is not a "useful article," we need not consider whether certain aspects of the item are copyrightable individually as separate and independent features. This provision applies only to items that are first, as a whole, disallowed copyright protection as "useful articles," and thus has no application to the present case.[5]

## IV.

The district court's judgment is vacated, and the case is remanded for additional proceedings not inconsistent with this opinion.

---

**5.** As a result, two cases relied on by the parties, *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989 (2d Cir.1980), and *Esquire, Inc. v. Ringer*, 591 F.2d 796 (D.C.Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979), are inapplicable to the present case because in those cases, the items in question were "useful articles," and the issue was whether certain features of the items were separable and independent.