**ODDZON PRODUCTS, INC., Appellant,**

v.

**Ralph OMAN, Register of Copyrights.**

**No. 89–5473.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 8, 1991.

Decided Jan. 29, 1991.

court, in any way precludes a determination, in an infringement action, that the KOOSH ball is indeed copyrightable.

Jon M. Dickinson, Portland, Or., of the bar of the Ninth Circuit Court of Appeals, pro hac vice, by special leave of the Court, with whom William T. Bullinger, Washington, D.C., was on the brief, for appellant.

Nathan Dodell, Sp. Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys., and Dorothy Schrader, Gen. Counsel, U.S. Copyright Office, Washington, D.C., were on the brief, for appellee.

Before RUTH BADER GINSBURG, SILBERMAN and THOMAS, Circuit Judges.

Opinion for the Court filed by Circuit Judge RUTH BADER GINSBURG.

RUTH BADER GINSBURG, Circuit Judge:

The Copyright Office, in September 1988, refused to register a claim to copyright in a work of soft sculpture titled KOOSH ball. On judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701–706, *see* 17 U.S.C. § 701(d), the district court determined, by summary judgment, that the refusal to register was not an abuse of discretion. *See OddzOn Products, Inc. v. Oman*, No. 89–0106, 1989 WL 214479 (D.D.C. Oct. 3, 1989) (applying the standard set out in 5 U.S.C. § 706(2)(A)). We agree, and therefore affirm the district court's ruling. We underscore, however, that neither our decision, nor that of the district

## I.

The KOOSH ball is a patented, trademarked product formed of hundreds of floppy, wiggly, elastomeric filaments radiating from a core. Originally developed to teach youngsters with poor eye-to-hand coordination how to play catch, the KOOSH ball has a soft, snugly feel, and is easily grasped if it contacts any portion of a person's hand. Copyright claimant OddzOn Products, Inc., plaintiff-appellant in this proceeding, is in the business of making and selling toys. OddzOn describes the KOOSH as a "loveable, laughable ball," fun for ages three and up. OddzOn sought copyright registration for the KOOSH ball to block importation of less expensive "knockoffs." *See* 17 U.S.C. §§ 602, 603 (copyright owners may request the Customs Service to seize infringing copies); 19 C.F.R. § 133.31 ("Claims to copyright which have been registered ... may be recorded with Customs for import protection."); *cf.* 19 U.S.C. § 1337(a)(1)(B) (prescribing more cumbersome procedure before U.S. International Trade Commission to stop importation of articles that "infringe a valid and enforceable United States patent").

The Copyright Office addressed both the visual character and the "tactility" or feel of the KOOSH ball. As to the former, the examiners regarded the KOOSH ball as a familiar symbol or design; the ball's filaments, the Chief of the Examining Division said, "basically define a sphere, and there is no copyrightable authorship in producing such a familiar shape." Letter dated September 15, 1988 to counsel for OddzOn from Harriet L. Oler, Chief, Examining Division, Copyright Office. The feel of the object was comprehended by the examiners as a functional part of the work, and therefore not a basis for registration. As stated by the Chief of the Examining Division: "[W]e cannot register a claim in ... the way a work functions, because Congress

did not authorize protection for the functional aspects of articles." *Id.*

The district court, on review, similarly turned first to the visual aspect of the KOOSH ball. The district judge indicated that it would have been arbitrary for the Copyright Office to deny registration "simply because [the KOOSH ball's] shape approximates a sphere." *OddzOn Products,* No. 89–0106, slip op. at 4.[1] The judge then sensibly read the registration refusal letters from the Copyright Office to say: "[I]t is not merely that the KOOSH ball approximates a sphere, it is also that there is not enough additional creative work beyond the object's basic shape to warrant a copyright." *Id.* at 6.

The district court went on to consider whether the KOOSH ball's feel demonstrated the requisite creative authorship[2] so clearly as to mark the refusal to register an abuse of discretion. The district judge looked to the Copyright Act definition of "pictorial, graphic, and sculptural works"; such works

> include works of artistic craftsmanship insofar as their form but not their mechanical or utilitarian aspects are concerned; the design of a useful article ... shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

17 U.S.C. § 101. Citing *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.,* 834 F.2d 1142, 1144 (2d Cir.1987), the district court held that it was not an abuse of discretion for the Copyright Office to rank the tactile

qualities of the KOOSH ball as dependent upon, and inseparable from, the utilitarian features of the object, and hence not protectable by copyright. *See OddzOn Products,* No. 89–0106, slip op. at 8–9.

■ As we stated in *Atari Games Corp. v. Oman,* 888 F.2d 878, 881 (D.C.Cir.1989), our stance in reviewing a refusal to register is the same as that of the district court. We review the Copyright Office decision under a deferential, "abuse of discretion" standard. *See Atari Games,* 888 F.2d at 886–87, 889 (Silberman, J., concurring) (distinguishing deferential review of registration decisions from "an infringement action in which the court [is] not obliged to defer to an agency's action or interpretation").

## II.

Urging return of this case to the Copyright Office for renewed consideration, OddzOn heavily relies on this court's decision in *Atari Games.* In that case, we could not determine what standard the Copyright Office employed when it denied registration for the original video game BREAKOUT. We noted that the examiners' explanations were not trained on the Copyright Act's definition of "audiovisual works" as "a *series* of related images ... together with accompanying sounds." 17 U.S.C. § 101 (emphasis added); *see Atari Games,* 888 F.2d at 881, 883. Nor could we tell from the registration refusal letters whether the Copyright Office had applied to the video game an elevated standard of creativity, "one resembling the 'substantial creativity' measuring rod sometimes used to judge derivative works." *Id.* at 882. Because the Copyright Office "ha[d] not explained if or why it [was] employing a categorical distinction between the registrability thresholds for video game displays and other works," *id.* at 890 (Silberman, J., concurring), we instructed a remand to the

---

1. At oral argument on the motion for summary judgment, the district judge questioned the Register's "fascination with th[e] familiar shape." Transcript of May 19, 1989 Hearing on the Register's Motion for Summary Judgment at 4. The judge asked counsel for the Copyright Office: "If Picasso had painted a round object on a canvas, would you say because it depicts a fa-

miliar subject—namely, something that's round—it can't be copyrighted?" *Id.*

2. *See* 37 C.F.R. § 202.10(a): "In order to be accepted as a pictorial, graphic, or sculptural work, the work must embody some creative authorship in its delineation or form."

Register of Copyrights for adequate explanation.

█ In this case, however, the position of the Copyright Office is not similarly opaque. The visual aspect of the KOOSH ball, according to the examiners, did not reflect the minimal degree of creativity required for a copyright. The tactility of the KOOSH ball could not be taken into account in the creativity assessment, the examiners indicated, because the KOOSH ball is a useful article and its feel is inseparable from its utilitarian function.[3]

If the KOOSH ball is properly classified as a "useful article,"[4] its registration presented the Copyright Office with "[o]ne of the most difficult issues arising under the Copyright Act." *See* Perlmutter, *Conceptual Separability and Copyright in the Designs of Useful Articles*, 37 J. Copyr. Soc. 339, 339 (1990). Congress excluded the design of useful articles from the realm of copyright except when, "and only to the extent that, such design incorporates [artistic] features that can be identified separately from, and are capable of existing independently of the utilitarian aspects of the article." 17 U.S.C. § 101 (definition of "pictorial, graphic, and sculptural works"). In its report on the bill that became the Copyright Act of 1976, the House Judiciary Committee amplified:

> [A]lthough the shape of an industrial product may be aesthetically satisfying and valuable, the Committee's intention is not to offer it copyright protection under the bill. Unless the shape of an automobile, airplane, ladies' dress, food processor, television set, or any other industrial product contains some element that, *physically or conceptually*, can be

identified as separable from the utilitarian aspects of the article, the design would not be copyrighted under the bill. H.R.Rep. No. 1476, 94th Cong., 2d Sess. 55 (emphasis added), *reprinted in* 1976 U.S. Code Cong. & Adm.News 5659, 5668.

OddzOn does not argue that the feel of the KOOSH ball is physically separable from the ball's function. Is the ball's tactility "conceptually ... separable from the utilitarian aspects of th[e] article"? That is a question we do not answer given the limited nature of our review of registration decisions. *But compare Esquire, Inc. v. Ringer*, 591 F.2d 796, 803–04 (D.C.Cir.1978) (Bazelon, J.) *with id.* at 807 (Leventhal, J., concurring). It suffices to point out that there is a notable lack of agreement among courts and commentators on the very meaning of "conceptual separability." *See* Perlmutter, *supra* (citing cases and commentary).

At oral argument, we asked OddzOn's counsel how the KOOSH ball would fare if we applied to it the "conceptual separability" test employed by the panel majority in *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142 (2d Cir.1987). In that case, a divided Second Circuit panel held uncopyrightable a work originally created as a wire sculpture, and later modified for mass production as a bicycle rack. We set out the exchange with counsel for OddzOn:

> Court: How do you distinguish this case from the bicycle rack case, the *Brandir* case, that is cited in [the district court's] opinion ...?
> Counsel: Well, I say [*Brandir*] was wrong.
> Court: But if we were to follow that case, then you lose?

---

**3.** At oral argument on appeal, counsel for the Register clarified that he did not mean to contend that "feel" or "tactile qualities" had been ruled out, definitively, as a basis for registration. *See* Transcript of January 8, 1991 Oral Argument at 28–29. Rather, his point was that the tactile qualities of the KOOSH ball are "inextricably interwoven with the utilitarian aspect of the article." *See Esquire, Inc. v. Ringer*, 591 F.2d 796, 807 (D.C.Cir.1978) (Leventhal, J., concurring), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979). We therefore dis-

regard as excessive counsel's statements on brief that the tactile aspect of a work cannot, in any case, contribute to the work's copyrightability. *See* Brief for Appellee at 4, 17.

**4.** The Copyright Act defines "useful article" as one "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information. An article that is normally a part of the useful article is considered a 'useful article'." 17 U.S.C. § 101.

Counsel: I think that's correct.

We reserve appraisal of *Brandir* and competing tests of "conceptual separability" for a case that obliges us to enter the "conceptual separability" fray. We are satisfied, however, that the Copyright Office was not arbitrary in adhering to a line similar to the one taken by our sister circuit.

Was the KOOSH ball correctly classified as "a useful article" and therefore properly held subject to the separability test? The Copyright Office so treated the ball, and OddzOn did not challenge the "utilitarian object" categorization during the application process or in the district court. In its brief on appeal, however, OddzOn added a footnote raising "a point admittedly not raised heretofore." Brief for Appellant at 21 n. 7. OddzOn called our attention to *Gay Toys, Inc. v. Buddy L. Corp.*, 703 F.2d 970 (6th Cir.1983), a decision holding that a toy airplane is not a "useful article" and therefore is protectable, if minimally creative, without first passing a separability test.[5] Because the classification question was not raised in the application proceedings, that question is not appropriately before us for review.

In conclusion, we again emphasize that we decide simply and only that the refusal of the Copyright Office to register the KOOSH ball, in the circumstances here presented, does not constitute an abuse of discretion. We do not decide on the copyrightability of the item, and we intimate no opinion on the decision we would reach if the matter came before us in an infringement action.[6]

---

**5.** The Sixth Circuit understood the House Report, *supra* p. 349, to show that the exclusion of utilitarian articles from copyright protection was meant for "industrial products such as automobiles, food processors, and television sets." *Gay Toys*, 703 F.2d at 973. "The function of toys," in that court's view, "is much more similar to that of works of art than it is to the 'intrinsic utilitarian function' of industrial products." *Id.*

**6.** Counsel for the Register stated at oral argument on appeal that if a court of appeals in an

For the reasons stated, the judgment of the district court is

*Affirmed.*

infringement action held that the KOOSH ball was copyrightable, the Copyright Office would then be obliged to register the copyright. *See* Transcript of January 8, 1991 Oral Argument at 15.

Bearing in mind that OddzOn "can gain full judicial review of copyrightability in an infringement action," *Atari Games*, 888 F.2d at 887 (Silberman, J. concurring), we find no error in the district court's failure to approve OddzOn's discovery requests.