**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZAHOUREK SYSTEMS, INC.;
JON ZAHOUREK

    Plaintiffs Counterclaim
Defendants - Appellants,

v.

BALANCED BODY UNIVERSITY,
LLC,

    Defendant Counterclaimant -
Appellee.

No. 18-1300

_____

ZAHOUREK SYSTEMS, INC.;
JON ZAHOUREK

    Plaintiffs Counterclaim
Defendants - Appellee,

v.

BALANCED BODY UNIVERSITY,
LLC,

    Defendant Counterclaimant -
Appellant.

No. 18-1312

_____

**Appeals from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:13-CV-01812-RM-MLC)**
_____

David Nimmer, Irell & Manella LLP, Los Angeles, California (Dennis J. Courtney, Irell & Manella LLP, Los Angeles, California; Luke Santangelo and Nicole Ressue, Santangelo Law Offices, P.C., Fort Collins, Colorado, with him on the briefs), on behalf of the Plaintiffs Counterclaim Defendants.

Carolyn V. Juarez, Neugeboren O'Dowd P.C., Boulder, Colorado; John R. Posthumus, Polsinelli, Denver, Colorado (Gordon E.R. Troy, Shelburne, Vermont, with them on the briefs), on behalf of the Defendant Counterclaimant.

_____

Before **BACHARACH** and **CARSON**,[*] Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

These appeals involves a sculptural work called "the Maniken," which portrays the human body. The overarching issue is whether the Maniken is a "useful article" under the copyright laws. If the Maniken is a useful article, it wouldn't ordinarily be protectible under the copyright laws. We conclude that a genuine issue of material fact exists on whether the Maniken is a useful article.

---

[*] The Honorable Monroe McKay served on the panel at the time of oral argument, but he passed away before we issued this opinion. He did not participate in the decision, and the two remaining panel members constitute a quorum. *See* 28 U.S.C. § 46(d); *Fish v. Schwab*, 957 F.3d 1105, 1110 n.* (10th Cir. 2020).

2

**1.      The Maniken portrays the human body.**

Like a skeleton, the Maniken portrays the human body; but the Maniken dwarfs a standard classroom skeleton and facilitates education by allowing students to apply clay where human tissues would appear. On the left of each picture is the Maniken, and on the right is a standard skeleton.[1]



**2.      Balanced Body University uses the Maniken, and Mr. Zahourek and his company sue for copyright infringement.**

The defendant, Balanced Body University, bought several Manikens and used them to advertise and instruct students on human anatomy. Mr.

---

[1]      These pictures show a later version of the Maniken.

Zahourek and his company sued for copyright infringement (among other claims). The district court granted summary judgment to Balanced Body University on the copyright-infringement claim, concluding that the Maniken was unprotected as a "useful article." We reverse because the Maniken's classification as a useful article turns on a genuine issue of material fact.[2]

## 3. A genuine issue of material fact exists on whether the Maniken is a useful article.

Federal law defines a "useful article," and a genuine issue of material fact exists over whether the Maniken fits this definition.

### A. The Standard of Review

We engage in de novo review of the grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party. *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012). With this view of the evidence, we consider whether Balanced Body University has shown the lack of a genuine dispute of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Within this framework, we consider the copyrightability of the Maniken as a mixed question of law and fact. *See Enterprise Mgt. Ltd. v. Warrick*, 717 F.3d 1112, 1117 n.5 (10th Cir. 2013). As a mixed question,

---

[2] Balanced Body University cross-appealed on the issue of attorneys' fees. Because Balanced Body University is no longer the prevailing party, its cross-appeal is moot.

4

copyrightability could include "potential jury questions in the presence of materially disputed facts." *Meshwerks, Inc. v. Toyota Motor Sales U.S.A., Inc.*, 528 F.3d 1258, 1262 n.4 (10th Cir. 2008).

### B. The District Court's Ruling

The district court issued two orders addressing whether the Maniken is a useful article. In the first order, the court ruled that the Maniken is a useful article because it has "an intrinsic utilitarian function that is merely to portray the appearance of a life-like form." Joint App'x vol. 4, at 843. In the second order, the district court reiterated that the Maniken is a useful article, adding that an article is considered useful if it has any "intrinsic utilitarian nature." *Id.* at 925–26. The court considered the Maniken intrinsically utilitarian because it merely portrays its own appearance. *Id.* at 926 n.4.

### C. The Misfit Between the District Court's Reasoning and the Statutory Definition of a "Useful Article"

The district court focused on the usefulness of the Maniken. This focus appears sensible but doesn't fit the statutory definition of a useful article. A useful article is defined as "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. Under this definition, an item is *not* a "useful article" if its usefulness derives solely from its appearance. *See Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488,

5

493 (4th Cir. 1996) (stating that under 17 U.S.C. § 101, "a useful article has as its function something more than portraying its own appearance"). If an item isn't a "useful article" under this definition, the item may be copyrightable. *Pivot Point Int'l, Inc. v. Charlene Prods., Inc.*, 372 F.3d 913, 919 (7th Cir. 2004).[3]

Under the statutory definition, many functional items aren't "useful articles." Consider a toy airplane or nose mask, which may be copyrightable despite their usefulness.[4] For example, a toy airplane might be useful for child's play, but it's not a useful article because the utilitarian function consists solely in its appearance. *Gay Toys, Inc. v. Buddy L Corp.*, 703 F.2d 970, 973 (6th Cir. 1983). And a nose mask isn't a useful article because the utilitarian function inheres solely in its

---

[3]    In enacting the exception for useful articles, Congress intended to deny copyright protection to "industrial products" like "automobiles, food processors, and television sets." *Gay Toys, Inc. v. Buddy L Corp.*, 703 F.2d 970, 973 (6th Cir. 1983) (citing H.R. Rep. No. 94-1476, at 55 (1976)). These industrial products may be protectible, but only through "the more temporary rights provided by the Patent Act." *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005).

[4]    Even if part of an item constitutes a "useful article," other parts may be copyrightable if they "incorporate[] pictorial, graphic, or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." *See* 17 U.S.C. § 101. We need not consider whether the Maniken has sculptural elements separable from a utilitarian function.

6

appearance. *Masquerade Novelty, Inc. v. Unique Indus., Inc.*, 912 F.2d 663, 671 (3d Cir. 1990).

Like a toy airplane or nose mask, the Maniken has utility only because it portrays the appearance of something (the human body). Because the human body is accurately depicted, the Maniken helps students learn human anatomy. Without this accurate depiction of the human body, the Maniken could lack any utilitarian function. So a material factual issue exists on whether the Maniken fits the statutory definition of a useful article. *See Hart v. Dan Chase Taxidermy Supply Co.*, 86 F.3d 320, 323 (2d Cir. 1996) (concluding that animal mannequins were copyrightable because their function was "to portray [their] own appearance);[5] *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 494 (4th Cir. 1996) (concluding that animal mannequins were not useful articles because "[their] usefulness [was] their portrayal of the appearance of animals").

D.   **The Potential Usefulness of Applying Clay to the Maniken**

Despite the statutory definition of a "useful article," Balanced Body University relies on the district court's finding that the Maniken provides

---

[5]    The Second Circuit noted that it had earlier treated a clothing mannequin as a useful article. *Hart*, 86 F.3d at 323; *see Carol Barnhart Inc. v. Economy Cover Corp.*, 773 F.2d 411 (2d. Cir. 1985). In the earlier case, however, the parties had stipulated that the mannequin was a useful article. *Carol Barnhart*, 773 F.3d at 414; *see Hart*, 86 F.3d at 323.

7

utilitarian value for learning anatomy. In relying on this finding, Balanced Body University argues that the Maniken's primary purpose is to teach anatomy, allowing students to study muscle articulation through the application of clay.

This argument erroneously assumes that the Maniken must be a "useful article" because it can serve as an educational tool. But countless items may be copyrightable despite their utility as educational tools. For example, consider textbooks. They are often useful for teaching. But textbooks are not useful articles because their utility lies solely in the information conveyed. *See* Samson Vermont, *The Sine Qua Non of Copyright Is Uniqueness, Not Originality*, 20 Tex. Intell. Prop. L.J. 327, 353 (2012) (stating that textbooks are copyrightable despite their practical utility); *see also ATC Distribution Grp., Inc. v. Whatever It Takes Transmissions & Parts, Inc.*, 402 F.3d 700, 707 n.3 (6th Cir. 2004) ("[T]he usefulness of a taxonomy, which is intended to convey information, and which is neither pictorial, graphic, nor sculptural, does not preclude its being eligible for copyright protection under [17 U.S.C.§ 101].").

So too here. The Maniken might be useful for teaching anatomy, but a fact finder could reasonably attribute this usefulness to the information that the Maniken conveys about human anatomy. If the Maniken's usefulness lies solely in the information it conveys, the Maniken would not be a useful article. 17 U.S.C. § 101.

8

Balanced Body University argues that the Maniken does more than convey information: its design allows students to apply clay to learn about muscles. But the University did not make this argument in district court when seeking summary judgment. Because the University didn't make this argument, the burden never shifted to Mr. Zahourek and his company to present evidence that the Maniken's utility lay solely in its portrayal of a human skeleton. *See Alpine Bank v. Hubbell*, 555 F.3d 1097, 1110 (10th Cir. 2009);[6] *cf. Tavery v. United States*, 32 F.3d 1423, 1427 n.5 (10th Cir. 1994) (refusing to affirm the award of summary judgment on an alternative ground because the moving party had not raised the issue in district court, failing to put the nonmoving party on notice of a duty to present evidence on the issue).

But let's assume for the sake of argument that a fact finder could reasonably infer that the Maniken had served partly as a prop to showcase

---

[6]    There we explained:

> To be sure, there is one situation in which the [plaintiffs] would have no burden to show the merits of a nondisclosure claim [based on Colorado's five ways to establish a duty of disclosure]. If [the plaintiffs] had raised such a claim in district court and the [defendant's] motion for summary judgment had not presented argument and evidence showing that the claim lacked merit, summary judgment would have been inappropriate. After all, it is not the party opposing summary judgment that has the burden of justifying its claim; the movant must establish the lack of merit.

*Hubbell*, 555 F.3d at 1110.

the location and movement of human muscles. On summary judgment, a fact finder must view the evidence in the light most favorable to the non-movant (Mr. Zahourek and his company). *See* Part 3(A), above. A fact finder could reasonably infer that the Maniken had facilitated learning through the application of clay only because the skeletal frame accurately portrayed a human skeleton. Indeed, Balanced Body University repeatedly argues that

- the Maniken is "anatomically accurate" and

- the accuracy enhances the educational "experience for students learning about muscle structure and placement."

Appellee's Resp. Br. at 4, 15. Given these arguments, a fact finder could reasonably infer that the Maniken had served as a useful learning tool only because of its anatomical accuracy.

A similar issue arose in *Superior Form Builders, Inc. v. Chase Taxidermy Supply Co.*, 74 F.3d 488 (4th Cir. 1996); *see* p. 7, above. That case involved animal mannequins used by the defendant to mount animal skins. 74 F.3d at 491. Given this use, the defendant argued that the animal mannequins had a utilitarian function of acting as mounts to display animal skins. *Id.* at 493–94.

The Fourth Circuit rejected this argument, reasoning that the mannequins' utility still consisted of their portrayal of the animals' appearance:

10

> [T]his argument overlooks that which distinguishes mannequins from ordinary plastic foam pellet animal stuffing: A mannequin provides the creative form and expression of the ultimate animal display, whereas pellets do not. Even though covered with a skin, the mannequin is not invisible but conspicuous in the final display. The angle of the animal's head, the juxtaposition of its body parts, and the shape of the body parts in the final display is little more than the portrayal of the underlying mannequin. Indeed, the mannequin can even portray the intensity of flexed body parts, or it can reveal the grace of relaxed ones. None of these expressive aspects of a mannequin is lost by covering the mannequin with a skin. Thus, any utilitarian aspect of the mannequin exists "merely to portray the appearance" of the animal.

*Id.* at 493–94 (quoting 17 U.S.C. § 101); *see* p. 7, above.

The Fourth Circuit's reasoning applies here. Like the animal mannequins in *Superior Form Builders*, Mr. Zahourek's sculpture of a human form retains its utilitarian function even though clay (rather than animal skins) is used to cover the exterior. Just as the mannequins retained their utility in *Superior Form Builders* based on their portrayal of animals, the Maniken retains its utility based on its portrayal of a human skeleton.[7]

In *Superior Form Builders*, the court pointed out that without the mannequins' portrayal of the animals, the skins could have been draped on foam pellet stuffing. *Superior Form Builders, Inc. v. Chase Taxidermy*

---

[7]     Balanced Body University tries to distinguish *Superior Form Builders* by noting that the animal mannequins retained expressive elements even after being covered with skins. Appellee's Resp. Br. at 16. But Balanced Body University does not explain the relevance of this observation. The Maniken's utilitarian value lies in its appearance even if that appearance reveals few expressive elements.

11

*Supply Co.*, 74 F.3d 488, 494 (4th Cir. 1996). Here too, the clay could otherwise have been added to any three-dimensional structure. But the Maniken was not just any three-dimensional structure, and a fact finder could reasonably find that the spaces to add clay provided utility only because of the Maniken's resemblance to a human skeleton. So even if Balanced Body University had pressed its current argument in district court, summary judgment would have remained unavailable.

**4.     Conclusion**

Viewing the evidence in the light most favorable to Mr. Zahourek and his company, a fact finder could reasonably determine that the Maniken was not a useful article. So we reverse the award of summary judgment on the claim of copyright infringement and remand for further proceedings.