FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

---

DAVID MONTGOMERY;
WILLIAM MONTGOMERY,

    Plaintiffs - Appellants,

v.

MARK BLILEY; WAYNE
LOLOTAI; KEEGAN CARRICK,

    Defendants - Appellees.

No. 21-1133
(D.C. No. 1:19-CV-02042-PAB-
MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BACHARACH**, and **CARSON**, Circuit Judges.

---

Two brothers, David and William Montgomery, panhandled on

medians in Boulder, Colorado. They were questioned by police and cited

for panhandling on public property. The brothers insisted that the property

was private, not public. Though the citation was later dismissed, the

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

brothers sued for violation of the Fourth Amendment, claiming that they'd been "seized" without reasonable suspicion.[1] The district court granted summary judgment to the police officers, and we affirm.

In granting summary judgment, the district court ruled that the police officers were entitled to qualified immunity. For grants of summary judgment based on qualified immunity, we conduct de novo review. *Stonecipher v. Valles*, 759 F.3d 1134, 1141 (10th Cir. 2014). This review requires us to consider the evidence favorably to the brothers, addressing only whether they've shown a genuine dispute of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Zahourek Sys. v. Balanced Body Univ.*, 965 F.3d 1141, 1143 (10th Cir. 2020).

The brothers' entitlement to judgment turns on the underlying standard for summary judgment on the issue of qualified immunity. Under that standard, the brothers had to show the violation of a constitutional right that had been clearly established at the time. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). We need not determine whether the underlying right was clearly established because the brothers hadn't shown the violation of a constitutional right.

---

[1]    The brothers also claimed that they'd been arrested without probable cause. This claim was dismissed with prejudice, and the brothers do not address this claim in the appeal.

The Fourth Amendment "permits a police officer to 'stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot.'" *Donahue v. Wihongi*, 948 F.3d 1177, 1188 (10th Cir. 2020) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). In our view, reasonable suspicion existed.

The police stopped the brothers based on suspicion that an ordinance had prohibited them from panhandling in these medians. The brothers insisted that the ordinance didn't apply because they were standing on private property. The brothers may be right about that. But if they were standing on private property, they would have been committing trespass in violation of another ordinance (Boulder Revised Code § 5–4–3).

The brothers make three main arguments:

1. The district court erred in its explanation.

2. The landowner allowed members of the public to stand on the medians.

3. The stop escalated into an arrest, which required probable cause rather than just reasonable suspicion.

We reject these arguments.

First, the brothers point to the district court's discussion of signage on the medians. Nearby signs said that the street was private and prohibited trespassing. In discussing the signs, the district court said that one of the no–trespassing signs was "just north" of one of the brothers

(William). The brothers say that the signage was too far away for a reasonable officer to read. But the brothers directed the officers to the signs and stated in the complaint that the signs had been "prominently attached" to a nearby signpost. R. at 13. And videotape of the incident shows that the private nature of the property was clear to the officers at the time of the encounter. The police officers thus had a reasonable basis to suspect that the brothers were standing on private property.

Second, the brothers insist that they were just standing on property that had been held out to the public. But they were panhandling, and nearby signs expressly prohibited solicitation or loitering. So the police could reasonably suspect that the brothers were conducting activities expressly prohibited by the landowner.

Finally, the brothers argue that the stop extended into an arrest. But they don't explain this argument. They instead say that they are incorporating all of the arguments made by one of the brothers (William) in *Montgomery v. Brukbacher*, Case No. 21–1073. But the brothers don't specify which arguments they're incorporating or say how they apply. Even if we were to credit these arguments, we later rejected William's argument that the police needed probable cause. *Montgomery v. Brukbacher*, No. 21–1073, 2021 WL 4074358, at *3–4 (10th Cir. Sept. 8, 2021) (unpublished).

* * *

The police saw the brothers panhandling. They insisted they were on private property. If they were, however, they were committing trespass in violation of a city ordinance. The police thus had reasonable suspicion to stop the brothers and investigate. Given the presence of reasonable suspicion, we affirm the dismissal of the Fourth Amendment claim.

Entered for the Court


Robert E. Bacharach
Circuit Judge