Heidi S. **WEISSMANN, M.D.,** Plaintiff,

v.

Leonard M. **FREEMAN, M.D.,**
**Defendant.**

No. 87 Civ. 6069 (MP).

United States District Court,
S.D. New York.

June 22, 1988.

Cowan, Liebowitz & Latman, P.C., New York City, by Roger L. Zissu, Richard S. Mandel, for plaintiff.

Summit Rovins & Feldesman, New York City, by Guy R. Fairstein, Claudia E. Silbert, for defendant.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Plaintiff moves, under Rule 60(b), Fed.R. Civ.P., on alleged newly discovered evidence, proffered during the pendency of the appeal from the final judgment herein, for revision of the denial of an application to conform the complaint to alleged trial proofs. The present motion is ill-advised and will be denied for reasons which follow.

This was an action for copyright infringement charging unauthorized use of a lecture syllabus and copying of it without plaintiff's name for a non-commercial, non-profit educational refresher course at the Mount Sinai School of Medicine in August, 1987. Plaintiff claims again as she did on the trial that the defendant utilized a copy of the syllabus, not only on that one occasion, but also for a medical symposium in Taiwan in December, 1986. The procedural ruling which is complained of on this motion denied the application in light of the record. Plaintiff was in possession of Taiwan information and used it in cross-examining defendant thereon during the trial; defendant testified that he had no record of and did not recall the manner or the circumstances under which the book of the Taiwan proceedings included a copy of the syllabus or how the coordinator of the Taiwan symposium obtained the copy. Even the present submission does not shed any light thereon beyond speculations on hypotheses.

The alleged "newly discovered evidence" recently obtained from the coordinator of the Taiwan symposium consists

merely of proposed form letters to be sent to contributors, none of which is from or addressed to defendant. It adds nothing more to defendant's inability to recall the mechanical means by which the paper got to Taiwan nor anything to show that its inclusion in those proceedings was not a fair use of scientific, educational matter for a non-profit occasion.

As the case turned out on the merits, the procedural ruling bears only on the subject of defendant's credibility while under cross-examination. The Court, in its findings and decision on the merits, resolved the copyright infringement and fair use issues tendered and the issue of credibility of the parties, in favor of defendant and against plaintiff; the Court saw and heard the witnesses and considered all the relevant facts and circumstances in reaching its resolution of who was to be believed in the case overall. The intendment of the Taiwan episode now presented, even if credited as plaintiff would have it perceived, does not persuade the Court to change its resolution of any of those issues.

The decision of May 3, 1988 holds that plaintiff is not the sole owner of the rights to use the medical syllabus involved; that the syllabus is the product of joint authorship by plaintiff and defendant of a stock piece on the subject matter; that the syllabus copied for the occasions complained of does not present any substantial new matter beyond the basic stock piece; that the miniscule variations pointed to by plaintiff do not present more than trivial originality and are insufficient to support copyright protection thereof; that the syllabus is jointly owned by the parties to the suit; and that the use made of the syllabus in symposiums like those litigated is a fair use.

■ Consequently, as one of the joint owners of the syllabus, the defendant could not be sued for copyright infringement by his co-owner. No monetary gain from the scientific, educational lectures is involved and no accounting to a co-owner of profits is claimed or indeed could be had.

The plaintiff, to give verisimilitude to her motion, asserts that the April 1, 1988 denial of the post-trial amendment of the pleadings was a mistake of the Court as to the true state of affairs, as claimed to be shown by the alleged "newly discovered" evidence, and that this mistake gives plaintiff standing to make a Rule 60(b) motion.

For one thing, standing to bring up a procedural motion merged in a judgment is not created by the excuse proffered by plaintiff. Moreover, there was no mistake on the part of the Court as to the state of the evidence presented at the trial or the implications thereof, including its bearing on the question of credibility of the defendant. The plaintiff's contention on the collateral question presented was fully understood and considered by the Court on the trial presentation made by plaintiff. As the Court stated in its April 1, 1988 Opinion, the Taiwan matter was raised by plaintiff "on the issue of credibility during the cross-examination of the defendant, after the plaintiff had rested her direct case." The Court observed that "speculation and assumptions by the witness and by the examiner grounded the inquiry into the circumstances under which the document in question had been prepared."

This collateral question does not implicate in any way the underlying substantive issues on which the case was decided by the Court. That decision is fully set forth, clearly, in the Court's findings and Opinion, which need not be and are not changed in anywise by the off-stage controversy which plaintiff now seeks to press.

In sum, plaintiff has failed to establish that the alleged newly discovered evidence is indeed such and could even remotely serve to alter this Court's prior ruling on plaintiff's post-trial Rule 15(b) motion or on the decision of the merits. The purported "new" evidence is a matter mooted by the thrust of the decision on the merits. The purported newly discovered evidence is merely cumulative and, as an attempt to impeach defendant's credibility in that regard, is only one element in the overall consideration of credibility of the parties, respectively, and based on all the evidence and proffered evidence, the Court's findings thereon remain unchanged.

■ The movant seeking relief under Rule 60(b)(2) must show that (1) newly discovered evidence is of facts existing at the time of trial; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative or impeaching of evidence already offered. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2808, at 55–60, § 2859, at 182–85 (1973). The plaintiff fails to satisfy any and every essential element set forth above.

The motion is frivolous, diversionary and devoid of merit and is, in all respects, denied.

So Ordered.