**FEDERAL DEPOSIT INSURANCE CORP., Plaintiff,**

v.

**Chris SARANDON and Lisa Sarandon, Defendants.**

**No. 88 Civ. 3094 (MBM).**

United States District Court, S.D. New York.

May 14, 1991.

Ira L. Hyams, P.C., Jericho, N.Y., for plaintiff.

Michael K. O'Donnell, Blumenthal & Lynne, New York City, for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Federal Deposit Insurance Corp. ("FDIC") has moved to "reopen and reinstate" its action against defendants Chris Sarandon and Lisa Sarandon following entry on October 12, 1988 of an order by the Hon. John M. Cannella of this Court dismissing this action as settled, with leave to reopen "upon application made within *ninety (90)* days of entry of this Order . . . if the settlement has not been fully consummated." (emphasis in original) After entry of that Order, and for the purpose of dealing with the current motion, this case was transferred to my docket as related to *FDIC v. Marceca,* 88 Civ. 0771 (MBM) (the "Marceca action"). For the reasons set forth below, and following a hearing on January 4, 1991, the motion is denied.

### I.

This action was begun on May 4, 1988. The complaint seeks payment of principal and interest on notes signed by defendants and delivered to Robert K. Marceca, who apparently negotiated them thereafter to the Bowery Savings Bank which then assigned them to plaintiff. The answer set forth defenses based in part on allegations of Marceca's fraud, which were the subject of an action in Supreme Court, New York County, styled *Sarandon v. Marceca,* Index Number 2296/88 (the "state court action").

The Marceca action before me was settled pursuant to a Stipulation of Settlement and Agreement entered November 2, 1988, which obligated Marceca to make certain payments, the last of which was due on October 30, 1989. Apparently in reliance on that settlement, which was imminent in October 1988, one or both parties notified Judge Cannella that this action had been settled, and he entered the order of discontinuance referred to above. That order was to become final by its terms 90 days after October 12, 1988, or January 10, 1989.

On November 7, 1988, plaintiff's counsel wrote a letter to Judge Cannella with a copy to defense counsel. The letter's opening paragraph stated:

"On October 12, 1988 Your Honor issued an order discontinuing this action because of a settlement. The order was in error since the action had not been settled."

The letter then went on to describe the terms of settlement of the Marceca action, noting that the final payment was due on October 30, 1989 and that plaintiff would have no interest in pursuing the Sarandons if Marceca lived up to the terms of the settlement, and concluded as follows:

"Accordingly, in the interest of judicial economy we request that the settlement be vacated and that this action be placed on the suspense calendar until November 30, 1989 with FDIC having the right to reinstate the action prior to that time if the need arises."

On March 5, 1990, five months after the expiration of his own requested deadline, plaintiff's counsel again wrote to Judge Cannella notifying him that Marceca's payment schedule had been extended in the Marceca action, that Marceca had been delinquent in his payments even under the new schedule, and asking that this action be restored to the calendar. The current motion was served more than a month later, on April 19, 1990. The docket maintained by the Clerk reflects no entry between October 12, 1988, when the order discontinuing this action was entered, and April 23, 1990, when the current motion was filed. Specifically, neither of the letters from plaintiff's counsel to Judge Cannella was docketed in the Clerk's Office, nor does plaintiff's counsel claim to have received an answer orally or in writing to either letter. Judge Cannella's individual rules, in effect on the dates in question, provided in pertinent part as follows:

"*Re: Motions*

Motions and responses thereto, with proof of service thereof, must be submitted to the Clerk in Room 10 for docketing and transmittal to chambers."

At the hearing on January 4, 1991, plaintiff Chris Sarandon testified without contradiction that when the November 30, 1989 date referred to in the above-quoted November 7, 1988 letter from plaintiff's counsel to Judge Cannella passed without this case having been reopened, he contracted to sell a building in order to try to relieve his financial distress, only to discover that Marceca had filed a *lis pendens* on the property. He then settled the state court action on disadvantageous terms in order to remove that *lis pendens* so that the sale could go forward. He argues that he would not have contracted to sell the building, and would have pressed his action against Marceca, had he believed this case was still ongoing.

When plaintiff's counsel felt pressed to explain why he employed the casual device of a letter to the court instead of a formal motion to seek relief from an order dismissing the case, he commenced the following exchange with the Court:

"MR. HYAMS: And I'd like to make one other comment, Your Honor. I don't know the statistics on how many motions or applications to this court are done by letter where the judges of the court, you know, endorse the memo or the letter. And when Judge Cannella issued his original order, which was in error and we timely responded to it, I don't believe that the practice of this court can be said to preclude [*sic*] the fact that this letter to the court was nothing at all.

THE COURT: Well, I don't know about it being nothing at all, but if Judge Cannella, like most of us, has rules of practice and this letter does not come within them, then it seems to me that the sender of the letter, with all due respect, assumes the risk that it is not going to be acted upon, as apparently it was not.

MR. HYAMS: Well, but again, it's the practice of this court, if a lawyer were to write such a letter, he would receive a call saying, 'Counsel, you have to make a formal motion.'"

(1/4/91 Tr. 67)

## II.

As is apparent from the above recitation of facts, Judge Cannella's order

became final by its terms on January 10, 1989. Construing plaintiff's motion as one pursuant to Fed.R.Civ.P. 60(b)(1) for relief from a final order because of "excusable neglect," the motion must be denied by the very terms of that Rule because it was not brought within one year from the date the order became final. Nor can the motion be brought pursuant to Fed.R.Civ.P. 60(b)(6), "any other reason justifying such relief," because that paragraph applies only to grounds that do not come within the reach of the first five paragraphs of the Rule. *In re Emergency Beacon Corp.*, 666 F.2d 754, 758–59 (2d Cir.1981), and cases cited therein; 7 Moore's Federal Practice ¶ 60.27[1] at 60–266 (2d ed. 1991). Moreover, it is also required under Fed.R.Civ.P. 60(b)(6) that the reason be one "justifying" relief—*i.e.*, that the circumstances be extraordinary and such as to make relief necessary in the interest of justice. *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1950). Here, if anything, the equities weigh on defendants' side, not on plaintiff's, Sarandon having conducted his affairs as he did in the belief that the case would not be reopened.

■ There is also an institutional reason for denying this motion that makes these circumstances neither "excusable" nor such as to constitute a "reason justifying relief." To permit counsel to use a casual and easily abused device such as undocketed letters to the court in order to place the court and his adversary on notice that he is seeking relief, in violation of the court's own rules of practice, is to invite confusion at best and fraud at worst, and to impose on chambers staff an impossible burden. Counsel's articulated expectation that he would receive a personal call informing him of his obligations under rules he should have consulted himself, and his unarticulated but nonetheless obvious assumption that his undocketed wishes had been granted, need no response; they can be left to lie where they fell.

Finally, it is not unfair in these circumstances to hold a client responsible for the actions of its lawyer. The client, after all, selected the lawyer. *Link v. Wabash R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962).

For the above reasons, the motion is denied.

SO ORDERED.