John **LONG**, Plaintiff,

v.

Charles M. **CARBERRY**, et al., Defendants.

No. 92 Civ. 6179 (DNE).

United States District Court, S.D. New York.

Oct. 13, 1993.

---

## MEMORANDUM & ORDER

EDELSTEIN, District Judge:

On June 15, 1992, the Independent Administrator submitted to this Court Application LXXXII, concerning disciplinary charges filed against John Long ("plaintiff" or "Long"). Shortly thereafter, a briefing schedule was set and plaintiff's counsel was informed that Long could file objections to Application LXXXII on or before July 28, 1992. Long did not file any objections to Application LXXXII. On August 13, 1992, plaintiff filed a 123–page verified complaint naming as defendants the United States of America, me personally, various members of the International Brotherhood of Teamsters, and other persons directly and indirectly involved in *United States v. IBT*, 803 F.Supp. 761.[1] On October 26, 1992, defendants moved, pursuant to Fed.R.Civ.P. ("Rule") 12(b)(6), to dismiss plaintiff's complaint for failure to state a claim upon which relief could be granted. Defendants' motion[2] was returnable on November 13, 1992. On November 10, 1992, four days after Long's papers in opposition were due, *see* Rule 3(c)(2) of the Civil Rules for the Southern and Eastern Districts of New York ("Local Civil Rules"), plaintiff's attorney, Lawrence V.

1. The ongoing proceedings in *United States v. IBT* emanate from the voluntary settlement of an action commenced by plaintiff United States of America against defendants International Brotherhood of Teamsters and the IBT's General Executive Board embodied in the voluntary consent order entered March 14, 1989. For a discussion of the history of this litigation, *see United States v. IBT*, 803 F.Supp. 761, 766–76 (S.D.N.Y.1992).

2. Although several of the defendants filed separate motions to dismiss, the dates on the motions are identical and share a common basis. Accordingly, this Memorandum & Order will refer to defendants' Rule 12(b)(6) motions in the singular.

Kelly, wrote to this Court requesting a one-month adjournment of the return date for personal reasons. Because Mr. Kelly's request for an extension was procedurally deficient and failed to comply with this Court's Rule 2(a) [3], plaintiff's request was returned unsigned.

Plaintiff made no further submissions to this Court during the ensuing eight months. Plaintiff neither answered defendants' motion to dismiss nor filed an application for an extension of time.

On August 2, 1993, this Court granted defendants' motion, and dismissed Long's complaint with prejudice, pursuant to Rule 12(b)(6) and Local Civil Rule 3(b). Accordingly, the Clerk of the Court entered a Civil Judgment against plaintiff on August 4, 1993. On August 2, 1993, this Court also entered an Order affirming the Independent Administrator's Application LXXXII, which, *inter alia*, permanently barred Long from membership in the IBT. This Court affirmed the Independent Administrator's determination that the Investigations Officer had sustained his just cause burden of proving disciplinary charges against Long.

On August 16, 1993, Long filed a motion for reconsideration and reargument of this Court's August 2, 1993 Orders. In support of Long's motion, Mr. Kelly, Long's attorney, filed a "Combined Affidavit and Memorandum of Law in Support of Motion." [4]

## DISCUSSION

### 1. Federal Rule of Civil Procedure 60(b)

Long moves, pursuant to Rule 60(b), to vacate the default judgments entered against him on August 2, 1993. Although Long fails to specify which subsection or subsections of Rule 60(b) he believes to be applicable, Long's motion papers focus on issues argu-

ably relevant under subsections one, two, and six of Rule 60(b). In any event, Long's motion is wholly without merit.

Rule 60(b)(1) authorizes the Court to vacate a judgment on the grounds of a party's or the Court's "mistake, inadvertence, surprise, or excusable neglect." However, in analyzing a Rule 60(b)(1) motion, "[t]his Circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload." *United States v. Cirami* ("Cirami I"), 535 F.2d 736, 739 (2d Cir.1976).

Plaintiff makes two claims in support of his Rule 60(b)(1) motion. First, plaintiff's attorney avers that plaintiff's default resulted from excusable neglect caused, in part, by Mr. Kelly's wife's and Long's illnesses. Second, plaintiff argues that this Court erred in granting defendants' motion to dismiss: Plaintiff contends that, because his initial complaint was verified, this Court was required to consider that complaint equivalent to an answer to defendants' motion to dismiss. Plaintiff argues that

> Judge Edelstein improperly overlooked the fact that plaintiff's Verified Complaint ... was and is, in fact, a *verified* pleading.... Despite plaintiff's non-submission earlier of additional papers in opposition to defendants' motions, the latter, therefore, cannot properly be considered as unopposed by plaintiff (as Judge Edelstein incorrectly found) and thus granted by default (as Judge Edelstein incorrectly ordered, dismissing the action with prejudice).

*Plaintiff's Combined Affidavit and Memorandum of Law*, at 6 (emphasis in original).

---

**3.** This Court's Rule 2(a) provides, in relevant part, that

[Applications for extensions of time not filed as a stipulation of the parties] must include: (1) a notice entitled "application for extension of time—opposing parties should communicate their response to the Court forthwith"; (2) an affidavit stating that other parties have received actual service of such application; and (3) a proposed order ordering the extension.

All applications must state: (1) the date of the original deadline; (2) the number, length and reasons for any prior extensions requested; and (3) the reasons for the extension.

**4.** It should be noted that in filing this affidavit, Long violated Local Civil Rule 3(j), which prohibits the submission of affidavits in connection with a motion for reargument "unless directed by the court."

■ Both of plaintiff's arguments are without merit. In each case, plaintiff's default is attributable not to excusable neglect or manifest error, but rather to plaintiff's attorney's tactical decisions or ignorance of the procedural rules governing actions in federal court. As to plaintiff's first Rule 60(b)(1) argument—that Mr. Kelly's wife's and Long's illnesses interfered with plaintiff's ability to file responsive papers—if plaintiff required additional time to respond to defendants' motion to dismiss, he should have employed the proper procedure which would have been to file an application for an extension of time pursuant to this Court's Rule 2(a). It was an inappropriate tactical maneuver to ignore the applicable rules, wait eight months, accept a default judgment, and then move for reargument. Rather than showing excusable neglect, then, plaintiff has demonstrated that his lawyer either made a tactical decision not to file responsive papers or was ignorant of the procedural rules governing extensions of time in the federal courts. Thus, even accepting that plaintiff failed to file responsive papers for these reasons, plaintiff is not entitled to relief under Rule 60(b)(1). *See Cirami I*, 535 F.2d at 739 (attorney's ignorance of proper procedure insufficient basis for relief under Rule 60(b)(1)); *see also Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986) (attorney's failure to evaluate or understand the legal consequences of a chosen course of action insufficient ground for relief under Rule 60(b)(1)); *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir.) (illness of lawyer and lawyer's mistake as to applicable law insufficient grounds for relief under Rule 60(b)(1)), *cert. denied*, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); *United States v. Kirksey*, 631 F.Supp. 165, 166–69 (S.D.N.Y.1986) (litigant's failure to communicate effectively with counsel, and attorney's tactical decision not to file opposing motions, not grounds for relief under Rule 60(b)(1)).

■ As to plaintiff's second contention—that this Court erred in granting default judgment to defendants—plaintiff's analysis is incorrect; a verified complaint is not a substitute for an answer to a motion to dismiss. Local Civil Rule 3(b) plainly states that a party opposing a motion must file an "answering memorandum ... setting forth the points and authorities relied upon in opposition." Plaintiff acknowledges that he failed to file an answering memorandum. *See Plaintiff's Combined Affidavit and Memorandum of Law*, at 6 (plaintiff admits "non-submission earlier of additional papers [other than the verified complaint] in opposition to defendants' motions."). Accordingly, default judgment was properly entered and plaintiff's Rule 60(b)(1) is without merit.

■ Next, plaintiff seeks relief under Rule 60(b)(2). Rule 60(b)(2) authorizes the Court to relieve a party of a final judgment when the party possesses "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial." To support a Rule 60(b)(2) motion, proffered evidence must be "highly convincing." *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987) (citation omitted); *see also Weissmann v. Freeman*, 120 F.R.D. 474, 475–76 (S.D.N.Y.1988) (Rule 60(b)(2) movant must establish that new facts probably would have altered prior ruling). Moreover, the "movant must present evidence that is 'truly newly discovered or ... could not have been found by due diligence.'" *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.), *cert. denied*, 462 U.S. 1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983) (quoting *Westerly Elecs. Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir.1966)).

■ Plaintiff has failed to satisfy these tests. In support of plaintiff's motion, Long's attorney has submitted to this Court two affidavits totalling forty-nine pages. Although plaintiff alleges that he possesses newly discovered evidence entitling him to relief, plaintiff describes only one example of allegedly newly discovered evidence. Specifically, plaintiff claims that, "*Unbekon* [sic] to me at that time—since *neither* the Government, *nor* Dowd, disclosed that fact to me, and which I also did not learn about until approximately February 1993—Carey obviously was known by Dowd." *Supplementary Affidavit in Support of Plaintiff's FRCP 59(e) and 60(b) Motions*, at 19, ¶ 36 (emphasis in original). This allegation apparently is

intended to demonstrate that a conspiracy existed whose object was to persecute Long.

Long's allegation does not entitle him to relief pursuant to Rule 60(b)(2). Long has failed to submit any facts that were not known to this Court on August 2, 1993 that would have had any bearing on this Court's decisions. The rambling exposition contained in Mr. Kelly's affidavits merely restates that which is in the record and makes several unsubstantiated conclusory allegations. Not only is this evidence not "highly convincing," it wholly lacks probative value with regard to the issues central to this matter. Accordingly, because plaintiff has presented no newly discovered evidence that could have a bearing on the merits of this action, plaintiff is not entitled to relief pursuant to Rule 60(b)(2).

Finally, plaintiff seeks relief pursuant to Rule 60(b)(6). Rule 60(b)(6) grants district courts discretion to relieve a party from a final judgment when necessary in the interest of justice. A motion made pursuant to Rule 60(b)(6) may only be granted by the Court upon "a showing by the moving party of 'exceptional circumstances.'" *Gwen Sportswear, Inc. v. State Mut. Life Assurance Co.*, No. 85 Civ. 3502 (KMW), 1991 WL 130892, *1, 1991 U.S.Dist. LEXIS 9165, *slip op.*, at *3 (S.D.N.Y. July 3, 1991) (citation omitted); *see also Federal Deposit Ins. Corp. v. Sarandon*, 763 F.Supp. 757, 760 (S.D.N.Y. 1991) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15, 69 S.Ct. 384, 390–91, 93 L.Ed. 266 (1950)) (Rule 60(b)(6) requires "that the reason be one 'justifying' relief— i.e., that the circumstances be extraordinary and such as to make relief necessary in the interest of justice."). Rule 60(b)(6) "may be invoked only when there are extraordinary circumstances justifying relief [and] when the judgment may work an extreme and undue hardship." *Kya–Hill v. Davidson*, No. 87 Civ. 7802 (JES), 1990 WL 129177, *1, 1990 U.S.Dist. LEXIS 11468, *slip op.*, at *3 (S.D.N.Y. Aug. 30, 1990) (citing *Nemaizer*, 793 F.2d at 63). In addition, the alleged extraordinary circumstances must be such that they are not otherwise cognizable under subsections one through five of Rule 60(b). *See id.; see also United States v. Cirami* ("Cirami II"), 563 F.2d 26, 32 (2d Cir.1977); *Wagner v. New York Univ. Medical Ctr.*, No. 82 Civ. 1919 (CSH), *slip op.*, at 3, 1986 WL 2194, *1 (S.D.N.Y. Feb. 7, 1986).

As exceptional circumstances justifying relief, Long presents a virtual cornucopia of excuses for his prior default. On behalf of Long, Mr. Kelly avers that Long's failure to file submissions in a timely manner should be excused because: (1) Mr. Kelly's wife was ill and, after undergoing treatment, fell into a hole in a hospital parking lot and broke her leg, *see Plaintiff's Combined Affidavit and Memorandum of Law*, at 12; (2) Long was in ill health when he commenced this action, *see id.* at 13; and, (3) Mr. Kelly's and Long's "financial situations [were] destroyed by the tremendous expenses involved in defending plaintiff's [sic] against the prior criminal proceedings." *Id.* Parenthetically, Mr. Kelly states that these situations placed "pressure[ ] mentally, physically and financially ... upon [him] since, and even before, this action was commenced." *Id.* at 12 n. 4. In a subsequent letter to the Court, Mr. Kelly presents another purported justification for his troubles to date: "as a sole practitioner, without the associate, paralegal and support staff and financial resources available to each of the named defendants in this case, the burdens upon my client and me are enormous." Letter of Lawrence V. Kelly to the Court, dated August 21, 1993 (on file with the Southern District of New York).

Even assuming, *arguendo*, that Mr. Kelly's excuses are both true and causally related to Long's default, I find that plaintiff has failed to demonstrate that this Court should exercise its discretion, pursuant to Rule 60(b)(6), to relieve plaintiff of the August 2, 1993 Orders. First, each of the allegedly extraordinary circumstances enumerated by plaintiff is relevant, if at all, to an argument that plaintiff's default resulted from excusable neglect. As such, this claim for relief is cognizable under Rule 60(b)(1) and will not support a Rule 60(b)(6) motion. *See Erdoss*, 440 F.2d at 1223 ("Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the later."). In addition, Mr. Kelly's and Long's personal

problems are insufficiently "extraordinary" to justify relief under Rule 60(b)(6). These personal problems—illness and financial hardship—although evocative of sympathy, do not rise to the level of extraordinary circumstances contemplated by Rule 60(b)(6). *See Cirami II,* 563 F.2d at 34 (facts short of constructive or actual disappearance of counsel are insufficient to support Rule 60(b)(6) motion predicated on attorney's failure to file responsive papers or appear before the court). Accordingly, this Court will not exercise its discretion to vacate the default judgments entered against plaintiff.

### 2. Federal Rule of Civil Procedure 59

#### a. Long's Rule 59 Motion is Untimely

 Plaintiff's Rule 59 motion is untimely. Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." In addition, Local Civil Rule 3(j) provides that "[a] notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion and shall be served at least the same number of days before the return date as was required for the original motion."

Long seeks reconsideration of two Orders filed by this Court on August 2, 1993. Pursuant to this Court's August 2, 1993 Orders, the Clerk of the Court entered judgment against Long on August 4, 1993. Long filed his motion for reconsideration and reargument on August 16, 1993—fourteen days after this Court's Orders were filed, and twelve days after civil judgment was entered. Accordingly, Long's motion is denied for failure to comply with Fed.R.Civ.P. 59(e) and Local Civil Rule 3(j).

#### b. Long's Rule 59 Motion is Without Merit

Rule 59 may be used to correct manifest errors of law or fact, or to present newly discovered evidence to the Court. *See Baasch v. Reyer,* 827 F.Supp. 940, 942 (E.D.N.Y.1993); *IBJ Schroder Bank & Trust Co. v. RTC,* No. 90 Civ. 2736 (PNL), 1993 WL 288266, at *6, 1993 U.S.Dist. LEXIS 10105, *slip op.,* at *17–19 (S.D.N.Y. July 22, 1993); *Wallace v. Brown,* 485 F.Supp. 77, 78 (S.D.N.Y.1979). "The 'narrow aim' of Rule 59(e) is 'to make clear that the district court possesses the power' to rectify its own mistakes in the period immediately following the entry of judgment." *Greene v. Town of Blooming Grove,* 935 F.2d 507, 512 (2d Cir. 1991) (quoting *White v. New Hampshire Dep't of Employment Sec.,* 455 U.S. 445, 450, 102 S.Ct. 1162, 1165, 71 L.Ed.2d 325 (1982)).

Plaintiff has failed to demonstrate that this Court committed a manifest error of law in entering its August 2, 1993 Orders. *See supra,* at 242–43. In addition, plaintiff has failed to allege any newly discovered evidence that would affect the outcome of this litigation. *See supra,* at 243–44. Accordingly, plaintiff's Rule 59 motion is wholly without merit.

### CONCLUSION

For the reasons stated above, plaintiff's Rule 59 and Rule 60(b) motions are DENIED. The Clerk of the Court is directed to remove this case from the Court's docket. SO ORDERED.