**WHIMSICALITY, INC., Plaintiff,**

v.

**RUBIE'S COSTUME COMPANY, INC., Defendant.**

**No. 89–CV–1720 (RJD).**

United States District Court, E.D. New York.

Nov. 4, 1993.

Virginia R. Richard, Kane, Dalsimer, Sullivan, Kurucz Levy, Eisele and Richard, New York City, for plaintiff.

Andrew S. Langsam, Levisohn, Lerner & Berger, New York City, for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Plaintiff Whimsicality, Inc. ("Whimsicality") has moved this Court pursuant to Fed. R.Civ.P. 60(b) to vacate the judgment of September 11, 1989 finding the six costumes manufactured by Whimsicality, and allegedly infringed by costumes manufactured by defendant Rubie's Costume Co., Inc. ("Rubie's"), unprotectable by copyright. For the reasons outlined below, the motion is granted.

### Background

The relevant facts have been presented in this Court's prior opinion, reported at 721 F.Supp. 1566, and in the Second Circuit's decision, reported at 891 F.2d 452. Whimsi-

cality, a manufacturer of adult and children's costumes, brought this action for alleged copyright infringement of six of Whimsicality's designs for children's costumes. In 1988 and 1989, Whimsicality received copyright registration for these six creations. In applying for copyright registration Whimsicality described its creations as "soft sculptures," and sent to the copyright examiner photographs of the costumes in question.

After consolidating a motion for injunctive relief with a hearing on the merits of the copyright claim, this Court granted summary judgment in favor of Rubie's, holding that the costumes at issue, although registered with the Copyright Office, were not copyrightable. The Second Circuit affirmed the dismissal of the copyright claim, but on grounds other than those relied upon by this Court. The Circuit found instead that, "Whimsicality obtained its copyright registration by misrepresentation of its costumes to the United States Copyright Office," and that no action for infringement could be maintained absent proper registration.

Upon Whimsicality's petition for rehearing, the Court of Appeals declined to consider the accompanying affidavit of the Copyright Office Examiner Frank Vitalos, Section Head of the Visual Arts Section of the United States Copyright Office, noting that, "... because an appellate court may not consider evidence external to the record on appeal, we refused to permit Whimsicality to insert additional testimony into the record." Order of Jan. 24, 1990 (Denying Motion to Supplement Petition for Rehearing). In his affidavit Examiner Vitalos explains that he issued the six registrations in question on an expedited basis due to imminent litigation and that upon examination of the photographs submitted with Whimsicality's registration application, he knew that the items were children's costumes. He further attests that the use of the term "soft sculpture" on the registration applications was within the practice routinely allowed by the Copyright Office, and that he

decided to issue the registrations after finding separable artistic content in the works. Specifically, Vitalos declares that the "description of the works as soft sculpture did not and does not constitute a representation to the Copyright Office that the works in question have no useful function," Vitalos Aff., at ¶ 11, further observing that an application is not required to identify the *uncopyrightable* elements of a work, but instead requires the examiners to perform a separability analysis of the work in question to determine if any protectable elements exist.

He also explains that he was familiar with the registrations at issue in the case of *National Theme Productions Inc. v. Jerry B. Beck, Inc.*, 696 F.Supp. 1348 (S.D.Cal.1988), where the applications acknowledged the creations were costumes, but requested registration only for those features it considered separable, and therefore copyrightable. Vitalos states that the express qualification was appropriate in the *National Theme* matter in part because of the volume of items submitted together and is not normally expected or required by the Copyright Office.

On appeal, without the Vitalos Affidavit, the Second Circuit held that because Whimsicality had described its deposits as "soft sculpture," had not sent photographs of the items being worn by children,[1] and did not expressly limit its applications to separable elements found in the costumes, the practice approved of in the *National Theme* case, Whimsicality's registration was unenforceable due to inequitable conduct.[2] Because the Circuit also found bad faith on the part of Whimsicality in its registration attempts, it vacated that part of the judgment denying an award of attorney's fees to Rubie's. The action was then remanded for consideration of the attorney's fees issue.

With this Rule 60(b) motion, Whimsicality challenges the determination of the Court of Appeals and requests that this Court consider evidence offered to the Court of Appeals

1. On January 24, 1990, the Court of Appeals amended its prior opinion to delete the reference to the photographs submitted with Whimsicality's application.

2. The Court of Appeals took note of the *National Theme* case only to point out that Whimsicality had alternative registration application procedures it could have followed other than labelling its creations as "soft sculptures." 891 F.2d at 455 & n. 5.

in several unsuccessful post-mandate motions. Specifically, Whimsicality now moves to reopen the record to submit the Vitalos affidavit, arguing that this new evidence unquestionably demonstrates that Whimsicality perpetrated no fraud on the Copyright Office in connection with the registration of the six costumes and that no deceit was intended.

## Discussion

 Whimsicality argues that vacatur is proper under several provisions of Rule 60(b): newly discovered evidence pursuant to section (b)(2), misrepresentations of law and fact by Rubie's pursuant to section (b)(3), and the interests of justice pursuant to (b)(6). Rule 60(b) should be broadly construed to do substantial justice. *E.g., Music Deli & Groceries, Inc. v. I.R.S.*, 781 F.Supp. 992, 995 (S.D.N.Y.1991) (quotation omitted). Motions made pursuant to Rule 60(b) are addressed to the sound discretion of the district court, *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986), and this discretion is especially broad under section (b)(6), *In re Emergency Beacon Corp.*, 666 F.2d 754, 760 (2d Cir.1981) (citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir.1977)), which provides relief "in the interests of justice" if the asserted grounds for relief are not encompassed within sections (1)–(5). *Id.* at 758 (citing *United States v. Cirami*, 563 F.2d 26 (2d Cir.1977)).[3] Initially, Rubie's raises the "law of the case" doctrine to argue that in light of the Court of Appeals' finding of fraud on the Copyright Office, this Court is without power to consider Whimsicality's 60(b) request to reopen the record to submit new evidence on this issue. This argument is unconvincing. The doctrine of the law of the case generally prevents a district court on remand from deviating from a mandate issued by an appellate court, see *In re Ivan F. Boesky Securities Litigation*, 957 F.2d 65, 69 (2d Cir.1992), and covers issues "explicitly or implicitly decided on appeal." *Day v. Moscow*, 955 F.2d 807, 812 (2d Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992). However, the doctrine is limited by discretion and should be discarded

for a "compelling reason" such as "an intervening change of law, significant new evidence, or the need to correct a clear error of law or manifest injustice." *United States v. Salerno*, 932 F.2d 117, 121 (2d Cir.1991). More significantly, these criteria interlock with the requirements of Rule 60(b) affording a party, in similar limited circumstances, relief from the effect of a judgment. "Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with later events. Hence, the district court is not flouting the mandate by acting on the [Rule 60(b) ] motion." *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18, 97 S.Ct. 31, 32, 50 L.Ed.2d 21 (1976) (no requirement for leave from appellate court before moving to vacate judgment in district court after appeal). Otherwise stated, if a party meets the requirements of any of the subsections of Rule 60(b), particularly on the basis of facts or other evidence not part of the record before either the district or appellate court, a district court may vacate the judgment even though the appellate court previously reached the merits of the issue to be reopened. *See Dardaganis v. Grace Capital, Inc.*, 755 F.Supp. 85, 88 (S.D.N.Y.1991); *see also Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 757 & n. 4 (2d Cir.), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986); *Acha v. Beame*, 438 F.Supp. 70, 74–75 (S.D.N.Y.1977), *aff'd on other grounds*, 570 F.2d 57 (2d Cir.1978). As neither this Court nor the appellate court considered the Vitalos Affidavit in rendering a decision in this case, the "law of the case" doctrine does not prevent this Court from considering the present 60(b) request. Whimsicality's motion should be granted if its submissions satisfy any of the subsections of 60(b) or any combination thereof. Ultimately then the law of the case requires this Court to consider the attorney's fees question in light of the observations of the Circuit Court; it does not, however, require the Court to do so within an artificially frozen

---

**3.** In particular this limitation aims to prevent a party from evading the one-year time limitation of motions pursuant to section one through three by casting them as motions under section six.

*United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977); *Wagner Spray Tech. Corp. v. Wolf*, 113 F.R.D. 50, 52 (S.D.N.Y.1986).

record beyond the ameliorating reach of Rule 60(b), the availability of which is now considered.

*Section (b)(3)*

■ Whimsicality's assertions of fraud or other misbehavior by Rubie's as a basis to re-open the record are without merit. Rubie's position before this Court was that costumes are clothing, a subset of useful objects, and therefore not copyrightable absent physically or conceptually separate artistic elements beyond the overall shape of the items. As discussed more *infra,* Rubie's also raised the point that Whimsicality's use of the term "soft sculpture" on the registration applications was an attempt to mislead the Copyright Office. Rubie's contrasted this use with the use of the term "sculpture" for masks. The existence of copyrights in Rubie's name covering aspects of costumes beyond their shape (such as the design printed on their fabric) does not indicate that Rubie's seeks to impose a double standard. Nor does the existence of registrations using the terms "sculpture" or "soft sculpture" for any type of Rubie's mask have any relevance here; Rubie's consistently argued that masks are different from costumes for the purposes of copyright law. Relief under section (b)(3) is therefore inappropriate.

*Section (b)(2)*

■ For a district court to vacate a judgment to consider new evidence pursuant to Rule 60(b)(2), a litigant must show (1) newly discovered evidence of facts existing at the time of trial (2) admissible and likely to change the former ruling (3) not merely cumulative or impeaching of evidence already in the record, and (4) of which the moving party was excusably ignorant at the time of trial despite due diligence. *E.g., Weissmann v. Freeman,* 120 F.R.D. 474, 476 (S.D.N.Y. 1988); C. Wright & A. Miller, *Federal Practice and Procedure,* §§ 2808, 2859 (1973 & Supp.1992).

Rubie's challenges on each element. It argues that the Vitalos affidavit is mere cumulation and not an official statement of the Copyright Office; it is not in evidentiary form and could have been placed in evidence earlier if Whimsicality had used due diligence. In addition, Rubie's argues that only the intent to mislead is relevant to a finding of inequitable conduct before the Copyright Office, not whether that office was in fact misled.

■ Characterizing the affidavit as mere cumulation is not accurate. The "evidence" before the courts as to the propriety of Whimsicality's application for registration consisted of the Compendium II of Copyright Office Procedures which is unclear on the relevant issue, inconclusive statements of courts in earlier cases, the affidavit of Rubie's president, Marc Beige, who stated that his attempts to register costumes were submitted with the description "costume" and were always denied, and the unsupported assertions of counsel. The Vitalos affidavit is the only clear evidence of Copyright Office practice and procedure as to the needed specificity in a costume's registration application. Certainly it is the only clear evidence of the actual effect on the Copyright Office of the applications, undeniably relevant to the issues before the Court.

■ Additionally, this Court is not concerned that Vitalos' affidavit is not an official publication of the Copyright Office. Vitalos is a highly placed official in the relevant section of the Copyright Office who issued the registrations in question, and, absent any contrary showing, may be presumed to know how an examiner would be likely to view a registration application. As to the form of the proffered affidavit, what is submitted is sufficient to show that a proper affidavit or live testimony can be obtained from Vitalos.

■ Nor is Rubie's contention that a finding of inequitable conduct only requires a subjective intent to deceive accurate. In support of this position, Rubie's relies on the short description of the barred conduct in the Court of Appeals' decision.

> It is the law of this Circuit that the 'knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitute[s] reason for holding the registration invalid and thus incapable of supporting an infringement action.'

*Whimsicality*, 891 F.2d at 456 (citing *Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984), and quoting *Russ Berrie & Co. v. Jerry Elsner Co.*, 482 F.Supp. 980, 988 (S.D.N.Y.1980)). However, the discussion leading up to this statement and the cases cited in its support clearly show that two elements are required to find this type of inequitable conduct: an intent to mislead *and* behavior which would be objectively likely to mislead. Other authorities relied upon by the Court of Appeals in *Eckes* are not to the contrary. *See, e.g., Thomas Wilson & Co. v. Irving J. Dorfman Co.*, 433 F.2d 409, 412 (2d Cir.1970) (application for copyright not deficient where error was made in good faith and could not have affected action taken by Copyright Office.), *cert. denied*, 401 U.S. 977, 91 S.Ct. 1200, 28 L.Ed.2d 326 (1971); *Advisers, Inc. v. Wiesen–Hart, Inc.*, 238 F.2d 706, 708 (6th Cir.1956) (per curiam), *cert. denied*, 353 U.S. 949, 77 S.Ct. 861, 1 L.Ed.2d 858 (1957); *cf. also Western Electric Co., v. Piezo Technology, Inc.*, 860 F.2d 428, 430, 433 (Fed.Cir. 1988) (inequitable conduct before Patent Office involves failure to disclose information which would have influenced decision of reasonable patent examiner).[4]

Nothing in the record before the proffer of the Vitalos affidavit clearly showed that the Copyright Office was unlikely to be deceived by the term "soft sculpture" as applied to fanciful children's costumes. Other evidence in the record at the time of appeal could have supported the finding that Whimsicality considered its use of that term to be the standard method of signaling to a copyright examiner that the registrant considered his or her work depicted in accompanying photographs to contain separable artistic elements—evidence bearing upon the first element, the applicant's subjective intent to deceive. Only the Vitalos Affidavit, however, directly addresses the issue of the likelihood that a copyright examiner could have been misled by such a characterization—that is, on whether the behavior was objectively likely to mislead—contravening the notion "no reasonable observer could believe that the costumes were soft sculpture." 891 F.2d at 456.

 The Vitalos Affidavit is relevant, noncumulative, and highly persuasive evidence on the issue of Whimsicality's conduct.[5] Vitalos is clear that the Copyright Office does not expect applicants to identify each separate copyrightable element of a work. Vitalos Aff., at ¶¶ 13–16. Vitalos states "unequivocally" that, "Whimsicality did not misrepresent the nature of the works in question to the Copyright Office." *Id.* at ¶ 19. The only remaining issue, therefore, is whether Whimsicality was excusably ignorant of this evidence prior to this Court's earlier summary judgment ruling, despite due diligence.

Whimsicality argues that the issue of fraud was unexpectedly raised and that it was therefore prevented from obtaining this evidence earlier, prior to the adverse decision on appeal. This Court notes that this issue was raised earlier in the proceedings, and discussed, although not at length, in the Court's prior opinion. *E.g.* 721 F.Supp. at 1570. However, at that time, and indeed up until the proffer of the Vitalos Affidavit, no affirmative evidence that the use of the term "soft sculpture" could be viewed as misleading by a copyright examiner had been presented. Rubie's chose instead to argue simply that Whimsicality's use of the term by

---

4. Reliance upon cases involving the Patent Office is not inappropriate. While patent and copyright are distinct doctrines, they are based on the same constitutional provision, U.S. Const. art. I. § 8, cl. 8, and the Supreme Court has used developed patent doctrines to flesh out copyright precedents. *E.g., Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 439–42, 104 S.Ct. 774, 787–89, 78 L.Ed.2d 574 (1984) (using patent concept of "staple article of commerce" to decide copyright issue). And, while the Patent Office creates rights by issuing a patent, 35 U.S.C. § 153, issuance of a registration from the Copyright Office merely officially memorializes a right already created at the time the original authorship is embodied in a material form which

exists for more than a transient period of time. 17 U.S.C. § 102(a). At a minimum, then, it would be illogical to place a *higher* standard of candor on copyright registrants in the submission of applications than on patent applicants.

5. This conclusion is not altered even though under the objective test the actual effect of the alleged misrepresentation on the specific examiner is irrelevant; as noted above, Vitalos is a highly placed official in the Copyright Office and his affidavit is evidence of how the copyright examiners are likely to review registration applications.

itself demonstrates an intent to mislead the examiner—a conclusion rejected by this Court and emphatically refuted by Mr. Vitalos.

The Vitalos Affidavit is unusual evidence which a diligent attorney would not expect to be available and which may have been obtainable only in the wake of the Court of Appeals finding of bad faith. The affidavit includes both material on the usual practices of the Copyright Office when confronted with fanciful costumes (an issue not specifically addressed in Compendium II of Copyright Office Practices, the manual followed by examiners), and the mental processes followed by specific examiners when faced with requests such as those made in the *National Theme* matter and the instant action. In analogous patent cases, courts have routinely supported the refusal of Patent Examiners to testify or otherwise make available information about their mental processes, though requiring testimony on facts, e.g., *Western Electric Co.*, 860 F.2d at 431 (Fed.Cir.1988), on the ground that such questions may undermine the quasi-judicial decision making processes of administrative agencies. *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941) (Secretary of Agriculture "should never have been subjected to [an] examination" about mental processes involved in deciding rate order).[6]

Moreover, the "mental process" component is the critical aspect of the affidavit here. At first blush, it appears that Mr. Vitalos could have been approached earlier for a generalized statement of Copyright Office policy on the correct terminology for a registration of separable artistic elements in a children's costume. Yet where relatively few cases or registrations deal specifically with fanciful costumes, even a "general" policy statement supplies insight into examiners' mental processes in specific applications. Similarly, where the attack on Whimsicality's application focuses on the contrast between the Whimsicality and the National Theme applications, the significance of the contrast, if any, could only be measured by the analytical processes of the examiner. The likely unavailability of the Vitalos affidavit at the early stages of the litigation is further supported by the history of other recent litigation. Whimsicality has supplied this Court with an affidavit from Ralph Oman, Register of Copyrights, offered on behalf of the plaintiffs in a copyright action in the Central District of California, *Ashton–Tate Corp. v. Fox Software, Inc.*, CV–88–6837 (TJH). In December of 1990, the district court had held certain Ashton–Tate copyrights unenforceable for inequitable conduct, for failure to list on their registration application certain pre-existing works. *Ashton–Tate Corp. v. Fox Software, Inc.*, 760 F.Supp. 831 (C.D.Cal. 1990). Following that decision, however, Register Oman supplied an affidavit explaining the Copyright Office's general position on the need for the relevant type of information on an application and stating that a review of the registrations involved revealed they had been properly issued despite the omissions noted by the district court. Declaration of Ralph Oman, dated January 24, 1991, at 4–6, attached to Dkt. # 62 as Exh. 1. On April 18, 1991, the district court granted, without discussion, Ashton–Tate's motion for reconsideration, and rescinded the order of December 1990.

The Vitalos Affidavit includes material which is not normally obtainable, and, as a result, failure or inability to procure this information earlier does not demonstrate a lack of due diligence on the part of Whimsicality for purposes of Rule 60(b)(2). Therefore, this Court considers the Vitalos Affidavit to satisfy the criteria of 60(b)(2), and in the alternative finds the failure to submit this

**6.** Cases that do involve testimony by copyright examiners are not more helpful. Some cases imply such a limitation without reaching the issue, see, e.g., *OddzOn Products, Inc. v. Oman*, 924 F.2d 346, 350 n. 6 (D.C.Cir.1991) (affirming on different grounds district court's decision to deny discovery of examiner's mental processes); *Atari Games Corp. v. Oman*, 693 F.Supp. 1204, 1208 n. 9 (D.D.C.1988) (refusing, on other grounds, delay to allow discovery of copyright examiners), *rev'd on other grounds*, 888 F.2d 878 (D.C.Cir.1989), whereas other authorities only describe evidence from copyright examiners which fails to include relevant mental process information. *See, e.g., New York Chinese TV Programs, Inc. v. U.E. Enterprises, Inc.*, 1989 WL 22442, at 14–17 (S.D.N.Y. Mar. 8, 1989); *Midway Mfg. Co. v. Bandai–America, Inc.*, 546 F.Supp. 125, 143 (D.N.J.1982).

evidence earlier to be an excusable error for purposes of 60(b)(1).

*Attorney's Fees*

■ Having permitted the plaintiff to reopen the record, the resolution of the attorney's fees issue becomes obvious. The Vitalos affidavit satisfies this Court that Whimsicality has not acted in bad faith. In any event, the resolution of the attorney's fees question would not be different were the Court to have denied the Rule 60(b) motion. Even if Whimsicality should have met the allegation of fraud head on with the examiner's affidavit, the Court would be remiss not to refer to its contents in exercising its discretion in carrying out the appellate court's mandate. There is a strong suggestion to this effect in the manner of the Second Circuit's remand. Having concluded on the basis of the record before it that Whimsicality should be deprived of the opportunity to enforce its copyrights, the Circuit Court nevertheless returned the case for a determination of the fees question, impliedly acknowledging that the proper exercise of discretion would entail consideration of a number of factors technically at that point outside the record—not the least of which would be the sworn statement of Mr. Vitalos. There is nothing in the Circuit's denial of Whimsicality's motion pursuant to Rule 40 of the Federal Rules of Appellate Procedure that suggests otherwise. Thus while a denial of the Rule 60(b) motion would have deprived Whimsicality of the opportunity to press its enforcement and copyright claims on appeal, it would not, and should not, deprive the Court of the Vitalos affidavit for the limited purpose of deciding the fees question.

■ Finally, an award of statutory attorney fees would be inappropriate for a number of reasons separate and apart from the examiner's affidavit. A prevailing defendant in an enforcement action may recover fees pursuant to 17 U.S.C. § 505 if the action is frivolous or brought in bad faith. *Roth v. Pritikin,* 787 F.2d 54, 57 (2d Cir.1986). The authorities counsel that a reviewing court should act with caution before awarding fees to a prevailing defendant so as not to undermine the remedial purposes of the Copyright Act. *See, e.g., Id.; Video Views, Inc. v.*

*Studio 21, Ltd.,* 925 F.2d 1010, 1022 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 181, 116 L.Ed.2d 143 (1991). Without considering the information provided by Mr. Vitalos, this Court is not at liberty to alter the appellate court's conclusion that Whimsicality has proceeded in bad faith by virtue of the characterization "soft sculpture" in its registration applications. Nevertheless, fees are inappropriate.

The parties agree that costumes are not copyrightable as such and that if Whimsicality had used the characterization "costumes," registration would likely have been denied. It is also quite clear, given the state of the law in this area where bright lines are hard to come by, that the action is anything but frivolous. Plaintiff obviously believed it had produced copyrightable material despite its practical application in children's costumes. It sought to register the material by employing a term that would not trigger automatic denial and yet alert the examiner to the nature of its claims. Indeed the nondescript term "soft sculpture" poses more questions than it answers and inevitably invites particular scrutiny. Plaintiff, a small company, seeks in this action to protect its essential assets which are undeniably the product of creative endeavor and which were likely appropriated by defendant Rubie's as even a momentary inspection of the competing products would indicate. There is not even a suggestion that in bringing the action Whimsicality had any other motive or sought to harass the defendant, and Whimsicality's "bad faith" did not involve affirmative misstatements or the withholding of material information from the copyright examiner. To impose upon it the burden of an award of attorney's fees would, in this Court's view, run contrary to the purposes of the Copyright Act and disserve the public interest.

### Conclusion

As to the inequitable conduct issue relied upon by the Court of Appeals, the Vitalos Affidavit compels the conclusion that no reasonable Copyright Office examiner would have been misled by the Whimsicality applications and accompanying deposits. Therefore, this Court finds the registrations are enforceable. Since this Court finds there

was no fraud on the copyright office in connection with the registration of the six Whimsicality costumes in question, attorney's fees shall not be awarded to Rubie's, and this Court adheres to its original denial of such a request by the defendant. Rubie's request for a bond to assure its possible judgment of attorney's fees is denied as moot.

Whimsicality's remaining causes of action are based upon unfair competition, and Rubie's asserts counterclaims yet to be decided. Letter from A. Langsam, filed Dec. 26, 1989 (Dkt # 46). Rubie's request for sanctions, by letter dated August 30, 1990, is denied.

SO ORDERED.