**FRED RILEY HOME BUILDING CORPORATION, et al., Plaintiffs,**

v.

**Charles COSGROVE d/b/a Traditional Homes et al., Defendants.**

No. 93–2313–KHV.

United States District Court, D. Kansas.

Feb. 15, 1995.

See also 864 F.Supp. 1034.

Clifford A. Cohen, Buck, Bohm & Stein, P.C., Leawood, KS, Mark E. Brown, Gerald M. Kraai, Kent R. Erickson, Litman, McMa-hon & Brown, Kansas City, MO, and Kevin D. Case, Office of the Atty. Gen., Topeka, KS, for plaintiffs.

Charles Cosgrove, Kansas City, MO, defendant pro se; and Kurt D. Tilton, Brian L. Smith, Smith, Bellar & Tilton, P.C.; Phillip A. Miller, Phyllis G. Leach, Watson & Marshall L.C., Kansas City, MO, Michael Yakimo, Jr., D.A.N. Chase, Chase & Yakimo, Overland Park, KS, Joseph B. Bowman, Penny R. Slicer, Devon A. Rolf, Kokjer, Kircher, Bowman & Johnson, Kansas City, MO, Charles O. Thomas, Bonner Springs, KS, David W. Hauber, Kenneth E. Holm, Boddington & Brown, Chtd.; and Don M. Bradley, and Michael B. Hurd, Shook, Hardy & Bacon, Kansas City, MO, for defendants.

Mark E. Brown, Kent R. Erickson, Litman, McMahon & Brown, Kansas City, MO, and Mark C. Owens, and James R. Orr, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, for intervenors-plaintiffs.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on Plaintiff's Request for Leave to File Supplement to Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion for Award of Attorneys' Fees (doc. 249), filed on behalf of plaintiff Julian (herein called Julian). Defendant has filed a response. Julian has filed a reply.

This matter was tried before a jury commencing August 1, 1994. Thereafter, on August 19, 1994, the court entered a Memorandum and Order ruling on all issues of law and memorializing rulings made during the course of the trial of the case. On August 23, 1994, judgment was entered in accordance with the Memorandum and Order. Defendants filed a motion for award of attorneys' fees. Julian filed his memorandum in opposition to the motion for attorneys' fees on September 23, 1994.

Julian now files a simple motion of three sentences in which Julian requests leave to file a supplement to his memorandum in opposition to the motion for attorneys' fees,

which supplement apparently includes certain declarations of former officers of Design Works corroborating the testimony of R.L. Keith, a trial witness. Julian asserts that the corroborating declarations were just recently obtained and alleges that defendant is not unfairly prejudiced by the submission of the declarations. The defendants object to the filing of the supplemental memorandum.

Julian's motion must be overruled.

 Julian's motion does not comply with the provisions of D.Kan. Rule 206 in that it is not accompanied by a memorandum in support. There is no provision under D.Kan. Rule 206 for filing supplemental memoranda. Julian's motion provides no basis for the supplementation of the memorandum. The motion does not state any reason for failing to include within the original memorandum the declarations and arguments to be contained in the supplemental memorandum. A party must present its best case when it files its original motion or memorandum in opposition to a motion. It cannot, thereafter, continuously file supplementations containing after acquired evidence or after-thought arguments.

No basis has been set out in the motion which would establish that the court could properly consider the declarations by witnesses who were not identified as trial witnesses to challenge the imposition of attorneys' fees against a party who does not prevail at the time of trial. Julian in his reply memorandum herein argues that such evidence is appropriate under *Whimsicality, Inc. v. Rubie's Costume Company, Inc.*, 836 F.Supp. 112 (E.D. New York 1993.) The court finds the case inapplicable. *Whimsicality* arises under a motion filed pursuant to Fed.R.Civ.P. 60(b). No such motion has been filed here. Further, the court finds persuasive the argument that the witnesses whose declarations are proffered have not been previously identified in the case as witnesses. In his reply memorandum, Julian argues that the declarations demonstrate that Robert Keith was entitled to retain the copyright on the Stratford Plan due to his oral agreement with Design Works. This would appear to be evidence which could have and should have been produced during the trial of the case. Counsel is not entitled to offer support for evidence offered during the trial of the case after the case is concluded in order to defeat a claim for attorneys' fees.

For each of the reasons set forth above, independently and collectively, the plaintiff's motion is overruled.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.